**FASTENER CORPORATION, Plaintiff,**

v.

**SPOTNAILS, INC., Defendant.**

**No. 67 C 821.**

United States District Court
N. D. Illinois, E. D.

May 23, 1968.

Walther E. Wyss and Willis J. Jensen, Mason, Kolehmainen, Rathburn & Wyss, Chicago, Ill., for plaintiff.

I. Walton Bader, Bader & Bader, New York City, Ben Liss, Sonnenschein, Levinson, Carlin, Nath & Rosenthal, Chicago, Ill., for defendant.

## OPINION

NAPOLI, District Judge.

Plaintiff brought this action on May 16, 1967, for infringement of United States Letters Patent Nos. 3,094,900; 3,094,901; and 3,141,171. Plaintiff is an Illinois Corporation with its principal place of business in Illinois. Defendant is a New York corporation with an established place of business in this judicial district.

Defendant responded to the original complaint with a motion attacking venue in this district, and moving in the alternative that this action be transferred to the United States District Court for the Eastern District of New York. Further in the alternative, defendant moved for a more definite statement, pursuant to Rule 12(e). Ruling on these motions was withheld to permit both parties to conduct discovery into the venue ques-

tion. Finally, after extensive discovery into the venue question, it appeared that venue was indeed improper at least as to the 3,141,171 patent. Defendant pressed its contention that if venue is improper as to one of several patent claims being asserted against a defendant, then it is improper as to all claims, including those arising under other patents. Rather than responding to this contention,[1] plaintiff, on January 30, 1968, filed an amended complaint, without leave of Court, in which the claims under the 3,141,171 patent were dropped.

Defendant thereupon moved to strike the amended complaint. In addition to the objections to venue, the suggestion that this cause be transferred to New York, and the motion for a more definite statement, defendant now contends that plaintiff's amended complaint is in reality a withdrawal of a cause of action, which should have been accomplished only by leave of Court, via a motion for voluntary dismissal pursuant to Rule 41 of the Federal Rules of Civil Procedure. Plaintiff, on the other hand, contends that under Rule 15(a) of the Federal Rules of Civil Procedure, it had an absolute right to file this amended complaint, since defendant's responsive pleading was not yet on file.

■ The Court deems it unnecessary to resolve the alleged ambiguity between rules 15 and 41. Rather, the Court welcomes the simplification of some issues, and the elimination of others, made possible by plaintiff's decision not to pursue his claims under the 3,141,171 patent. The Court finds that no substantial prejudice will be suffered by defendants if the amendment is permitted. Plaintiff is hereby given leave, *nunc pro tunc*, to file its amended complaint. Motion of defendant to strike the amended complaint is accordingly denied.

Turning to the venue question, the applicable venue provision for patent in-

fringement actions, 28 U.S.C. § 1400 (b), provides,

> Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or *where the defendant has committed acts of infringement and has a regular and established place of business.* (emphasis supplied.)

Plaintiff contends that venue is proper here under the emphasized portion, the second clause of 28 U.S.C. § 1400(b). Since defendant admits that it has a regular and established place of business in Illinois, the Court must determine whether "the defendant has committed acts of infringement" in this judicial district.

■ In deciding whether or not venue is proper in a patent infringement case, under the second clause of 28 U.S.C. § 1400(b), it should be assumed, for purposes of the venue question, that the devices in question do, as a matter of law, infringe the plaintiff's patents. The relevant inquiry, then, is whether the acts constituting the infringement were committed in the judicial district of the forum. If the allegedly infringing acts were committed in the judicial district of the forum chosen by plaintiff, then the venue question merges with the issue of infringement on the merits, and the motion to dismiss before trial for improper venue must be denied.

■ In light of these principles, defendant has wholly failed to show that venue in this District is improper. Defendant's affidavits in support of its motion attacking venue go to the merits of the question of whether or not its products infringe plaintiff's patents, not to the question of whether or not the acts allegedly constituting infringement were committed in this district.

With respect to the 3,094,900 patent, the affidavit of Walter J. Barlund, Secretary of defendant Spotnails, Inc.,

1. The contention would seem to have little merit. The claim subject to the defense of improper venue could have been sev- ered and dealt with separately, if necessary, under Rule 23, Federal Rules of Civil Procedure.

merely states that any allegedly infringing act committed by defendant subsequent to June 29, 1965 was licensed. However, this is a defense on the merits. None of the facts brought out in the Barlund affidavit shows that the acts which allegedly constitute infringement were not committed in Illinois.

With respect to the 3,094,901 patent, Barlund's affidavit of July 12, 1967, admits that Spotnails' EAX tool, the accused device, is manufactured by defendant at its Rolling Meadows, Illinois plant. This is tantamount to an admission that venue is proper as to the 3,094,901 patent.

 Thus the record shows that this defendant committed acts[2] in this judicial district, as to both patents in suit, which plaintiff contends constituted infringement of his valid patents. Whether or not the acts were, as a matter of law, in violation of plaintiff's patent rights is, of course, the ultimate question in this case. Only a full trial on the merits will permit this determination to be made.

For the foregoing reasons, this Court is satisfied that venue is properly placed in this district. Consequently, defendant's motion to dismiss for improper venue is denied.

 In the alternative to its motion to dismiss for improper venue, defendant asks that this cause be transferred, under 28 U.S.C. § 1404, to the United States District Court for the Eastern District of New York. This motion will be denied. Plaintiff has not chosen an obviously inconvenient forum for the purpose of harassment. Rather plaintiff has chosen the judicial district where it resides, where defendant has an established place of business, and where the alleged acts of infringement took place. It would be difficult to conceive of a more appropriate forum. The Court finds that the convenience of parties and witnesses, and the interests of justice, will best be served by retention of this action in this judicial district.

Defendant's last motion is for a more definite statement. Among the requests in the motion for a more definite statement is a request for "a specification of the specific devices which plaintiff claims have infringed United States Letters Patent Nos. 3,094,900 and 3,094,901." Technically, at least as to this request, defendant's position is well taken. Even the model short form of a Complaint for Infringement of Patent, Form 16, Appendix of Forms, Federal Rules of Civil Procedure, recommends a paragraph containing a description of the accused device.

 This Court has previously characterized plaintiff's complaint as skeletal. On the other hand, the days of artful pleading in the Federal Courts are over. A short and simple statement of a claim, showing that a pleader is entitled to relief, now suffices to state a claim, Rule 8. Motions for a more definite statement are rapidly becoming anachronistic. Extensive discovery, rather than elaborate framing of issues through pleadings, is becoming the accepted method of preparing a trial. As long as a defendant is enabled to file a responsive pleading (which itself need not be elaborate), and to intelligently begin discovery, his technical objections to con-

---

2. The venue statute does not require that *all* acts of infringement must have been committed by the defendant in the judicial district. Consequently, plaintiff may recover for acts committed by defendants' predecessor corporation, Spotnails, Inc., an Illinois corporation, if plaintiff can show at trial that defendant should be liable for the acts of patent infringement of Spotnails, Illinois under an assumption agreement which purported to trans-

fer only the assets of Spotnails, Illinois to defendant. See also Ferguson v. Ford Motor Co. (D.C.N.Y. 1948), 77 F. Supp. 425; and Acme Card System Co. v. Remington Rand Business Service (D.C.Md., 1938), 21 F.Supp. 742, where it was held in analogous situations that constructive commission of the acts of infringement by the named defendant in the judicial district of the forum may be sufficient to make venue lie properly.

tents of an opposing pleading will no longer be heard. All of the information sought by defendant in this motion for a more definite statement can be, and most of it already has been, obtained through discovery channels. Consequently, the motion for a more definite statement is denied. Defendant is ordered to answer or otherwise plead within 20 days.