**SMITH, KLINE & FRENCH LABORATORIES**

v.

**A. H. ROBINS COMPANY et al.**
Civ. A. No. 73-537.

United States District Court,
E. D. Pennsylvania.
Oct. 31, 1973.

H. David Prior, Ballard, Spahr, Andrews & Ingersoll, Philadelphia, Pa., cf counsel, Donald R. Dunner, Robert D. Bajefsky, Lane, Aitkin Dunner & Ziems, Washington, D. C., for plaintiff.

H. Francis De Lone, Harvey Bartle, III, Dechert Price & Rhoads, Philadelphia, Pa., of counsel, W. Philip Churchill, Henry J. Zafian, Eric C. Woglom, Fish & Neave, New York City, G. William King, Richmond, Va., for A. H. Robins Co.

John J. Mackiewicz, Philadelphia, Pa., for Les Laboratoires Servier and Science-Union & Compagnie-Societe Francaise de Recherches Medicales.

### MEMORANDUM OPINION AND ORDER

FOGEL, District Judge.

Plaintiff, Smith, Kline & French Laboratories (SK&F), filed an action on March 9, 1973, against defendants the A. H. Robins Company (Robins), Les Laboratoires Servier (Servier), and Science-Union & Compagnie-Societe Francaise de Recherches Medicales (Science-Union). Count I of the complaint requests us to declare that Patent No. 3,-198,833 (the '833 patent), owned by Science-Union and licensed to Robins, is invalid. Count II seeks a declaration that the '833 patent and Patent No. 3,078,307, (the '307 patent), owned by

SK&F, are interfering patents within the meaning of 35 U.S.C. § 291, and that Paul N. Craig and Charles L. Zirkle, original patentees of the '307 patent, are the first and original joint inventors of the interfering inventions claimed in the two patents.

Robins filed an answer on May 25, 1973, denying first, that the '833 patent is invalid, and, second, that '307 and '833 are interfering patents. Robins also filed a counterclaim asking us to declare that the '307 patent is invalid, and has not been infringed by Robins. Servier and Science-Union have been granted an extension of time in which to plead.

Before us for determination are two motions filed by SK&F asking:

FIRST: leave of court to file an amended and supplemental complaint under Rules 15(a) and 15(d) of the Federal Rules of Civil Procedure, and

SECOND: an order to strike a portion of Robins' counterclaim, under Rule 12(f) of the Federal Rules. Because the issues raised by these motions are crucial to the ultimate disposition of this litigation, we believe an explanation of the bases for our rulings will guide the parties in their future conduct of this litigation.

I. *The motion to file an amended and supplemental complaint.*

Plaintiff's proposed amendments to Count I would change the pleadings as follows:

(1) substitution of the new corporate name "SmithKline Corporation" for the former name "Smith, Kline & French Laboratories";

(2) substitution of the correct corporate name "A. H. Robins, Company, Incorporated", for the name "A. H. Robins Company";

(3) addition of a new paragraph (b), seeking a declaration that "SmithKline will not infringe Patent No. 3,198,833

by the commercial exploitation of fenfluramine."

Although defendants Servier and Science-Union have opposed the motion to amend and supplement the complaint, nevertheless they have adopted Robins' memorandum of law filed with the Court. That memorandum specifically states that "defendant Robins does not oppose the amendment to Count I." Leave to amend Count I of the complaint is therefore granted.

SK&F also proposes to delete Count II of the original complaint, which sought a declaration of an interference between the '307 and '833 patents. SK&F argues that deletion of Count II can be accomplished by means of a motion to amend the original complaint under Rule 15(a), either as a matter of right (since two of the three defendants have not filed responsive pleadings), or by leave of Court. Robins maintains that dropping Count II amounts to a dismissal, which is governed by the provisions of Rule 41 and not by Rule 15.

The interplay between Rules 15 and 41 is not free from ambiguity in light of the present posture of this case; in sum plaintiff wants to *drop one of two claims against each of three defendants, without dismissing all claims against any defendant.* Rule 41(a) refers to dismissal of an *"action"*, whereas Rule 15 is more general and covers amendments to pleadings. The relevant portions of the two rules follow:

Rule 15

Amended and Supplemental Pleadings

(a) Amendments. A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served. Otherwise a party may amend his pleading only by leave of court or by

written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

## Rule 41.
### Dismissal of Actions

(a) Voluntary Dismissal: Effect Thereof.

(1) *By plaintiff; by Stipulation.* Subject to the provisions of Rule 23(e), of Rule 66, and of any statute of the United States, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.

(2) *By Order of Court.*

Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by the defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudi-

cation by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

The recent cases and commentaries which have considered the problem have found it unnecessary to decide whether dropping fewer than all of the claims against any defendant can be accomplished by a Rule 15(a) amendment or a Rule 41(a)(2) dismissal. Moore states:

"Where a plaintiff desires to eliminate an issue, or one or more but less than all of several claims, but without dismissing as to any of the defendants the problem may technically be regarded as one of amendment that is governed by Rule 15. * * *

"But since a district court's discretion, is involved when leave of court is required, whether plaintiff's motion is made under Rule 15 or under Rule 41(a)(2), the choice of rules is largely a technical one. * * * *" 5 Moore's Federal Practice ¶ 41.06–1.

This issue arose in Fastener Corporation v. Spotnails, Inc., 291 F.Supp. 974 (N.D.Ill.1968). In that case plaintiff's original complaint included claims for infringement of three patents. Defendant responded with a motion attacking venue, and after extensive discovery into the venue question, it appeared that venue was improper as to at least one of the infringement claims. Plaintiff thereupon filed an amended complaint, without leave of court, in which the claim relating to this patent was dropped. It was plaintiff's contention that there was an absolute right under Rule 15(a) to file an amended complaint deleting one of the patent claims, since no responsive pleading had been filed by defendant. Defendant contended that the amended complaint was in reality a withdrawal of a cause of action which should have been accomplished by means of a motion for voluntary dismissal, requiring leave of court under Rule 41(a). The court permitted the deletion of one of the three infringement claims, but found it unnec-

essary to decide whether Rule 15(a) or Rule 41 was controlling.

The Court deems it unnecessary to resolve the alleged ambiguity between rules 15 and 41. Rather, the Court welcomes the simplification of some issues, and the elimination of others, made possible by plaintiff's decision not to pursue his claims under the 3,141,171 patent. The Court finds that no substantial prejudice will be suffered by defendants if the amendment is permitted. Plaintiff is hereby given leave, *nunc pro tunc*, to file its amended complaint. Motion of defendant to strike the amended complaint is accordingly denied.

Fastener Corporation v. Spotnails, Inc., supra, at 976.

Robins argues that there is an important difference between an amendment under Rule 15(a) and a voluntary dismissal under Rule 41(a)(2). This difference is rooted in the effect of Rule 41(a)(1), which states that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed an action based on or including the same claim in any federal or state court. Thus, if the present Count II is dropped through a Rule 41(a)(2) dismissal rather than a Rule 15(a) amendment, and plaintiff subsequently files suit involving the same count which is then dismissed by notice prior to filing of' an answer or a motion for summary judgment, the second (notice) dismissal bars any further claim. Robins argues that allowing plaintiff to drop Count II by means of an amendment under Rule 15(a) permits circumvention of the two dismissal rule in Rule 41(a)(1), and subjects Robins to the harassment and abuse the two dismissal rule was designed to prevent.

We are therefore called upon to determine if the SK&F motion to withdraw the present Count II has been properly brought under Rule 15(a), or whether it must be brought under Rule 41(a)(2).

The initial issue before us is whether Rule 41 is applicable to the present case. Both Rules 41(a)(1) and 41(a)(2) apply by their terms to dismissal of an "action." The reference to an "action" in Rule 41(a) contrasts with Rule 41(b), which provides that "a defendant may move for dismissal of an action *or of any claim* against him." (Emphasis supplied). The language of Rule 41(b) is broader and more comprehensive than the parallel language in Rule 41(a). 5 Moore's Federal Practice ¶¶ 41.06–1, 41–11[2], 41.12, 41.13[1]. While the notes of the Advisory Committee do not discuss the question, it is reasonable to assume that the drafters of Rule 41 would have included similar language in Rule 41(a), had they intended to have that rule cover dismissal by the plaintiff of less than all the claims against any defendant.

The two dismissal rule itself, upon which Robins relies, makes a distinction between an "action" and a "claim".

Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim. Rule 41(a)(1).

The interpretation of Rule 41 which is urged by Robins would require the Court to construe the term "action" as though it were the equivalent of the traditional concept of a "cause of action", a phrase which does not appear in the Federal Rules of Civil Procedure. 2 Moore's Federal Practice ¶ 2.06[2].

The drafters of the Federal Rules chose instead the concept of a "claim for relief" (Rule 8(a)), or simply a "claim", which has been defined as "the aggregate of operative facts which give rise to a right enforceable in the courts." Original Ballet Russe, Limited v. Ballet Theatre, Inc. et al., 133 F.2d

187 (2d Cir. 1943). See Taylerson v. American Airlines, Inc., 183 F.Supp. 882 (S.D.N.Y.1960).

A "Civil Action", or an "action", on the other hand, is the sum total of the claims which the parties assert against each other. Once an action is commenced by the filing of a complaint, all subsequent proceedings are part of the action thus commenced. Stahl v. Paramount Pictures, 167 F.Supp 836 (S.D.N.Y.1958).

The *Stahl* case, *supra,* involved the assertion of permissive counterclaims under Rule 13(b) of the Federal Rules of Civil Procedure. The original complaint was filed on July 7, 1958. Counterclaims were filed on August 25, August 26, and September 9, 1958, each reciting an amount in controversy in excess of $3,000. On July 25, 1958, between the filing of the original complaint and the filing of the counterclaims, 28 U.S.C. § 1332 was amended to raise the jurisdictional amount to $10,000. The amendment was limited to those actions which were "commenced after the date of enactment of this Act." In ruling on a motion to dismiss the counterclaims for lack of jurisdictional amount, the Court decided that the counterclaims were not separate "actions" commenced after the date of enactment of the amendment.

Absent any indications to the contrary * * * the new statute, in using the phrase "actions commenced", plainly refers to the "civil action" provided for by Rule 2 to be "commenced" by the filing of a complaint as provided in Rule 3. All proceedings subsequent to the commencement of a civil action by the filing of a complaint are proceedings in the action thus commenced.

Neither Rule 13 authorizing the interposition of counterclaims, compulsory and permissive, or any of the other rules, provide or imply that a permissive counterclaim is a separate "civil action" or that the filing of a pleading containing such counterclaim is to be deemed the "commencement" of a new action. Indeed, Rule 13 distinguishes a "claim" which is the subject of a counterclaim from the "action" which was "commenced". Rule 13(a). *Stahl, supra,* at 837.

The Federal Rules and the cases which construe them thus make a clear distinction between a *"claim"* and an *"action"*. Therefore, when Rule 41(a) refers to *dismissal of an "action"*, there is no reason to suppose that the term is intended to *include the separate claims which make up an action.* When *dismissal of a claim* is intended, as in Rule 41(b), that concept is spelled out in plain language.

Robins has cited no case which holds that Rule 41 rather than Rule 15 is controlling under the present circumstances. Our own analysis based upon a review of the case law and the rationale behind these Federal Rules, has convinced us that Rule 15 is properly invoked by SK&F under the circumstances of this case.

Although cited by neither party in this case, Lyman v. United States, 138 F.2d 509 (1st Cir. 1943), cert. denied 320 U.S. 800, 64 S.Ct. 429, 88 L.Ed. 483 (1944), supports the proposition that one or more claims may be dismissed under Rule 41(a). That case was brought in the district court in 1938, and was appealed to the Court of Appeals for the First Circuit in 1942 (United States v. Lyman, 125 F.2d 67 (1st Cir. 1942)) and in 1943 (Lyman v. United States, *supra*). The Court of Appeals in both opinions refers to the dismissal of a "cause of action", a phrase which is not found in the Federal Rules, and appears to equate a "cause of action" with an "action" referred to in Rule 41. While this is understandable in a case which arose just after the adoption of the Federal Rules of Civil Procedure, the interpretation accepted by the Court of Appeals for the First Circuit is not in accord with the framework of the Rules or with the subsequent case law. See 2

Moore's Federal Practice, § 2.06[2], *supra*. Hence, we decline to follow it here.

The policy reasons behind the two dismissal rule support the conclusion that application of the rule should be limited to *dismissal by the plaintiff of the entire action rather than one or more claims against the defendant*. It is frequently stated that the two dismissal rule is necessary to prevent abuse of the privilege of notice dismissal granted in Rule 41(a)(1). American Cyanamid Company v. McGhee, 317 F.2d 295 (5th Cir. 1963). Multiple suits against the same defendant, withdrawn by the unilateral act of the plaintiff, without court intervention, could in some situations provide an opportunity for harassment. Engelhardt v. Bell & Howell Company, 299 F.2d 480 (8th Cir. 1962).[1] But the injury to the defendant is caused by the institution of the action, not by the necessity of responding to any particular claim in an action already instituted. Once an action is filed, the defendant must suffer the inconvenience and expense of retaining counsel and responding to the complaint.

If one or more claims are dropped by an amendment of right under Rule 15(a), however, the defendant still has the burden of responding to the amended complaint, a burden which is not significantly greater than responding to the original complaint. The possibility of abuse and harassment is even more remote in the case of an amendment permitted by order of court under Rule 15(a), since the court may attach conditions to the amendment as justice requires. Etablissements Neyrpic v. Elmer C. Gardner, Inc., 175 F.Supp. 355 (S.D.Tex.1959). Rule 15(a) specifically permits an extension of time to prepare an answer to the amended complaint, which may be up to 10 days as a matter of right, or longer if the court so orders. The burden of answering the amended complaint may be less than that of answering the original complaint, particularly when, as in the instant case, a complex issue will be withdrawn from the case by the amendment sought here.

We need not consider the question of the applicability of Rule 41(a) to the situation in which a plaintiff seeks *to drop all claims against one or more defendants, while preserving the pending action against other defendants*.

Although it has been held by the Court of Appeals for the Second Circuit that the term "action" in Rule 41(a) refers to the entire controversy, and that if the action remains pending against any defendant, Rule 41(a) is not applicable, Harvey Aluminum, Inc. v. American Cyanamid Co., 203 F.2d 105 (2d Cir. 1953), cert. den. 345 U.S. 964, 73 S.Ct. 949, 97 L.Ed. 1383 (1953), the rule in this Circuit is otherwise, at least with respect to dismissals by court order under Rule 41(a)(2). Young v. Wilky Carrier Corp., 150 F.2d 764 (3d Cir. 1945). The *Wilky* case, however, is not

---

1. The *Englehardt* case provides an excellent illustration of the type of harassment which the two dismissal rule was designed to prevent.

   "In the second suit commenced by plaintiff, he had a writ of attachment issued to the sheriff of the City of St. Louis and ran four garnishments on customers of the defendant. In the third suit (the instant one) the plaintiff again ran garnishments on defendant's customers, tying up and attaching substantial properties until the writs of attachment and writs of garnishment were dissolved by order of court on November 28, 1960, for failure to comply with basic requirements. It would seem that the two dismissal rule was propounded to meet just this kind of situation. Certainly the commencement of three separate actions against the same defendant for the same claim with attendant garnishments and attachments, the necessary expense and inconvenience in connection therewith, the employment of counsel, the removal of each case to federal court and the effect on defendant's customers may well have totalled up to be harassment (whether intentional or not) which the two dismissal rule sought to avoid or penalize."
   Englehardt v. Bell & Howell Company, *supra*, at 483.

applicable in the present situation, since the rule in *Wilky* applies only when the entire action is dismissed as to one or more defendants.

It does no violence to the language or policy of Rule 41(a) to apply that rule to such a dismissal, since the action *as to the dropped defendants* is truly dismissed, and those defendants have no further involvement in the case. The policy reasons behind the two dismissal rule are consistent with this view, because the potential for abuse created by notice dismissal is the same regardless of the number of named defendants. It makes little difference to the defendant against whom an action is instituted whether he is the only defendant or one of several. In either case, a given defendant could be harassed by the institution of an action and its dismissal *as to him* by notice under Rule 41(a). He is still subject to the consequences of being a defendant in a lawsuit, and, in the absence of the two dismissal rule, could be repeatedly harassed without getting his day in court to request a dismissal with prejudice as to him. This potential for abuse does not exist, however, where one or more claims are dropped against a defendant but the action is still pending against him. *The burden arises from the institution of an action, not from the addition or withdrawal of a claim in an action which is still pending against a given defendant after amendment of the original pleadings.*

Accordingly, we hold that SK&F has properly brought its motion to withdraw Count II of the original complaint under Rule 15(a) of the Federal Rules of Civil Procedure, and that Rule 41(a) is not applicable in this situation since plaintiff *seeks to drop a single claim against several defendants, but does not seek to dismiss all claims as to any defendant.* The motion to delete Count II of the original complaint is hereby granted, without prejudice.

Since the proposed amendment is allowed by leave of court, it is unnecessary for us to decide whether the amendment could be allowed against some or all of the defendants as a matter of right.

■ SK&F also moves to add a supplemental claim based on Rule 15(d) of the Federal Rules of Civil Procedure, alleging infringement of the '307 patent by all defendants. In the interest of permitting the efficient, economical and prompt resolution of this litigation, it is important that the patent disputes among these parties be settled in one proceeding. Vernay Laboratories, Inc. v. Industrial Electronic Rubber Co. (Inc.), 234 F.Supp. 161 (N.D.Ohio, 1964).

Since this claim is based on alleged "transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented" (Fed.Rules Civ.Proc. Rule 15(d)), there can be no relation back to the date of the original pleading. The motion to file a supplemental claim under Rule 15(d) is hereby granted, such claim to be denominated *"Count II: Supplemental Claim filed by leave of Court."*

## II. *The motion to strike under Rule 12(f).*

■ SK&F has also filed a motion to strike paragraph 5 of Robins' counterclaim as an "insufficient defense" under Rule 12(f) of the Federal Rules of Civil Procedure. Paragraph 5 of the counterclaim is as follows:

5. SK&F is barred by laches and estoppel from maintaining any action for alleged infringement of patent 3,078,307.

At the time of filing of the original complaint by SK&F, this paragraph was part of a counterclaim for relief, rather than a defense, since neither count of SK&F's original complaint alleged infringement of the '307 patent.

Indeed, it is the express position of SK&F that no action for infringement of the '307 patent was possible prior to

the events which led to the filing of the supplemental complaint permitted in Part I of this memorandum. Paragraph 5 was one of several averments in support of Robins' prayer for an injunction to prevent SK&F from charging infringement of the '307 patent, and from instituting any action for infringement of the '307 patent against Robins or any of its suppliers or customers.

Plaintiff is therefore asking this court to strike an averment of defendant Robins' counterclaim before plaintiff has filed a responsive pleading. At least one court has allowed a motion to strike a counterclaim under Rule 12(f), but this was in conjunction with a motion to strike a defense predicated on the same grounds as the counterclaim. The court ruled that since the defense had been stricken as insufficient, the counterclaim could be stricken at the same time. Brew, Woltman & Co., Inc. v. Anthony, 94 F.Supp. 955 (S.D.N.Y.1951). In the present case, since Robins has not filed a pleading in response to a claim of infringement of the '307 patent, the averment of laches and estoppel is properly part of a counterclaim rather than a defense. *As such, Rule 12(f) is not applicable.*

For the purposes of this motion, however, we will assume that Robins will assert laches and estoppel as defenses to the claim for infringement of the '307 patent, which will be added as the new Count II of the complaint, pursuant to Part I of this memorandum. Accordingly, we will rule on the motion to strike as though it were properly and timely brought.

In order to understand the force of SK&F's argument in support of the motion to strike, the factual background which gave rise to the litigation is pertinent.

In 1963, Robins became the exclusive licensee in the United States under a patent application which was subsequently issued on August 3, 1965, to defendant Science-Union. This patent (No. 3,198,833—the '833 patent) covers a drug called fenfluramine, an appetite suppressant. Robins filed a New Drug Application with the Food and Drug Administration in March of 1967, which was followed by a period of testing required by F.D.A. regulations. On March 7, 1973, Robins announced that it had received tentative approval from the Food and Drug Administration to market fenfluramine, and that the drug would be marketed within sixty days of final approval.

SK&F owns patent No. 3,078,307 (the '307 patent), which was issued in February of 1963, and which is claimed by SK&F to cover fenfluramine.

The argument advanced by SK&F in support of the motion to strike may be summarized as follows: SK&F concedes, as it must, for the purposes of this motion, that Robins has been manufacturing or using fenfluramine for a sufficient period of time so that laches would bar enforcement by SK&F of the '307 patent against Robins, if the manner in which Robins manufactured or used the drug constituted actionable infringement.

However, SK&F asks us to hold, as a matter of law, that the manufacture or use of an invention for the purpose of obtaining Food and Drug Administration approval of a New Drug Application does not constitute actionable infringement of a patent covering that invention. SK&F is unable to cite any case which supports this proposition, but argues by analogy from cases which hold that use of a patented device for experimental purposes, but without commercial exploitation does not constitute infringement.

Robins argues that manufacture and use of a new drug in order to secure Food and Drug Administration approval is exactly the commercially valuable use which a patentee of a drug would make in order to exploit his invention. Robins also argues that since the company's intentions to market fenfluramine prod-

ucts were public knowledge at least as early as 1967, SK&F could have sought declaratory or injunctive relief at that time to prevent threatened infringement of the '307 patent.

It is frequently stated that a motion to strike under Rule 12(f) is not favored by the courts. Professor Wright makes the following analysis: `

> Motions to strike a defense as insufficient are not favored by the courts because of their dilatory character. Thus, even when technically appropriate and well-founded, they are often not granted in the absence of a showing of prejudice to the moving party. Nonetheless, they are a useful and appropriate tool when the parties disagree only on the legal implications to be drawn from uncontroverted facts. But even when the defense presents a purely legal question, the courts are very reluctant to determine disputed or substantial issues of law on a motion to strike; these questions quite properly are viewed as determinable only after discovery and a hearing on the merits. Nor will a Rule 12(f) motion be granted if there is a substantial question of fact or a mixed question of law and fact that cannot be resolved, even if it is possible to determine the issue by drawing inferences from acts and statements that are not disputed. According to several courts, the drawing of inferences is a function that is reserved to the trier of facts and should not be subsumed under a determination of a question of law. In sum, a motion to strike will not be granted if the insufficiency of the defense is not clearly apparent, or if it raises factual issues that should be determined on a hearing on the merits.

> Wright and Miller, Federal Practice and Procedure, Civil § 1381. (Footnotes omitted.)

A recent case in the Southern District of New York discussed the controlling principles applicable to a decision on a Rule 12(f) motion. Carter Wallace, Inc. v. Riverton Laboratories, Inc., 47 F.R.D. 366, 12 F.R.Serv.2d 12f.26, case 1 (S.D. N.Y.1969), was patent litigation in which defendant conceded infringement if plaintiff's patent was valid and enforceable, but asserted invalidity and unenforceability due to a claimed fraud on the Commissioner of Patents in the procurement thereof. Plaintiff sought to strike these defenses by means of a Rule 12(f) motion. The Court denied the motion to strike:

> The standards applicable on a motion to strike must be considered initially for they define the areas in which the Court may determine any questions of law on the merits. Motions of this type are not favored and may only be granted if the insufficiency of the defenses is clearly apparent. The standards have been stated in a variety of ways. "A motion to strike a defense will be denied if the defense is sufficient as a matter of law or if it fairly presents a question of law or fact which the court ought to hear." [citing 2A Moore's Federal Practice ¶ 12.21], or as the court stated in Budget Dress Corp. v. International Ladies' Garment Workers' Union, 25 F.R.D. 506, 508 (S.D.N.Y.1959):

>> A motion to strike for insufficiency was never intended to furnish an opportunity for the determination of disputed and substantial questions of law and is not granted if insufficiency of the defense is not clearly apparent or may better be determined in a hearing on the merits. (citations omitted).

> It is clear, that if there are either questions of fact or disputed questions of law, the motion must be denied. For the plaintiff to succeed on this motion, the Court must be convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defenses succeed. * * *

*Carter-Wallace, supra,* at 367, 368. (footnotes omitted)

A recent case in the Middle District of Pennsylvania took the same approach. In Ryer v. Harrisburg Kohl Brothers, Inc., 53 F.R.D. 404 (M.D.Pa.1971) Judge Herman stated:

Initially, it should be noted that a motion to strike will not be granted unless the insufficiency of the defense is clearly apparent from the pleadings, M. L. Lee & Co. v. American Cardboard & Packaging Corp., 36 F.R.D. 27 (E.D.Pa.1964), and where there is no showing of prejudicial harm to the moving party the courts are not inclined to determine disputed and substantial questions of law in a motion to strike. Burke v. Mesta Machine Co., 5 F.R.D. 134 (W.D.Pa.1946).

*Ryer, supra,* at 408.

Many district court cases can be cited to support the general propositions set out above, though some courts are evidently more willing than others to decide questions of law by means of a Rule 12(f) motion at an early state of the proceeding. Representative cases are set out in Wright and Miller, *supra,* § 1381.

■■■ All courts would agree that the district court has broad discretion in disposing of motions to strike. See Moore v. Prudential Insurance Company of America, 166 F.Supp. 215 (M.D.N.C. 1958). In each case, the exercise of discretion to grant a motion to strike depends on the stage of the litigation, the complexity of the issues, and the advisability of reserving a decision on a given defense until the trial on the merits. In the present case, and on the record before us, we are unwilling to exercise this discretion to decide a question of law which both parties concede has never been decided, and which will have an incalcuable impact on the whole course of patent litigation in the pharmaceutical industry.

SK&F would have us decide, as a matter of law, that manufacture or use of an invention for the purpose of obtaining Food and Drug Administration approval of a new drug application does not constitute infringement of a patent covering that invention. In support of this assertion, SK&F has filed an affidavit of patent counsel which states that a New Drug Application is "based on reports of extensive investigations which have been previously conducted to determine the safety and efficacy of the drug for which approval is sought," and has submitted a photocopy of an article published in "FDA Papers," a publication of the Public Health Service. This is quite obviously an inadequate evidentiary base upon which to construct the legal edifice proposed by SK&F.

In order to decide the question presented, this Court must depend upon a full presentation of the Food and Drug Administration procedures in the approval of a New Drug Application, including any distribution of the drug which is arguably "commercial" within the meaning of the patent cases. In order to decide *this* case, rather than to make the sweeping and inadequately supported generalizations sought by SK&F, we must determine how these procedures were applied to the New Drug Application for fenfluramine filed by Robins. These are complex questions of mixed fact and law, and we decline to decide them at this point in the proceeding. Wright, *supra,* § 1381.

Should discovery during the course of this litigation adduce facts that would enable us before trial to rule on a motion for partial summary judgment under Rule 56, then SK&F, of course, can then file such a motion for determination at that juncture.

The motion to strike paragraph 5 of the counterclaim of defendant Robins is therefore denied.

### ORDER

And now, this 31st day of October, 1973, it is ordered that plaintiff's motion for leave to file the amended and supplemental complaint that was the

subject of that motion be and the same is hereby granted;

And, it is further ordered that plaintiff's motion to strike paragraph (5) of defendant A. H. Robins' counterclaim be and the same is hereby denied;

And, it is further ordered that plaintiff shall plead or otherwise move in response to defendant Robins' counterclaim within thirty (30) days from the date of this order;

And, it is further ordered that defendant A. H. Robins, Company, Incorporated, shall plead or otherwise move in response to the amended and supplemental complaint within thirty (30) days after service upon it.

And, it is further ordered that defendants Les Laboratoires Servier and Science-Union & Compagnie-Societe Francaise de Recherches Medicales shall plead or otherwise move in response to the amended and supplemental complaint within thirty (30) days after service upon them.