EXXON CORPORATION,
Plaintiff-Appellant,

v.

MARYLAND CASUALTY COMPANY,
Defendant-Appellee.

No. 79–1357
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

July 26, 1979.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York, et al.*, 5 Cir. 1970, 431 F.2d 409, Part I.

Francis J. Mooney, Jr., Charles J. Escher, New Orleans, La., for plaintiff-appellant.

Deutsch, Kerrigan & Stiles, Marian Mayer Berkett, Charles F. Seemann, Jr., New Orleans, La., for defendant-appellee.

. Before COLEMAN, FAY and RUBIN, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

Maryland Casualty Company has filed a motion to dismiss this appeal of Exxon Corporation as premature. In order to explain the unusual context in which we find this motion and our action in granting it, we briefly review the events below.

As a result of the failure of one of its customers, Lambert,[1] to pay its bills, Exxon filed a diversity suit against the customer's surety, Maryland Casualty, alleging that Maryland Casualty was responsible for the unpaid bills. The suit was based on two separate but overlapping claims. The first claim[2] was based on the quasi-contract theory that Maryland Casualty was a *negotiorum gestor.*[3] The second claim[4] rested on Maryland Casualty's obligation under the terms of performance bonds executed on behalf of Lambert to pay for materials furnished to Lambert but not paid for.[5] Maryland Casualty responded to the complaint by filing a motion to dismiss the two claims under Rule 12, Fed.R.Civ.P.[6] The motion to dismiss the second claim was withdrawn before the court ruled on it. After receiving briefs concerning the theory of the first claim, the trial court dismissed it in June, 1977.[7]

Exxon responded to the dismissal of its claim by requesting a Rule 54(b)[8] certifi-

1. The customer was Donald G. Lambert Contractor, Inc. The complaint alleges that Lambert Industries, Inc. was an affiliate of Donald G. Lambert Contractor, Inc. For the purposes of this opinion, we will assume, without deciding, that these are alternate names for the same corporation.

2. Exxon sought recovery for unpaid asphalt and diesel invoices, unpaid credit card purchases, and for accrued finance charges on the credit card debt.

3. Louisiana Civil Code article 2295 provides:
   When a man undertakes, of his own accord, to manage the affairs of another, whether the owner be acquainted with the undertaking or ignorant of it, the person assuming the agency contracts the tacit engagement to continue it and to complete it, until the owner shall be in a condition to attend to it himself; he assumes also the payment of the expenses attending the business.
   He incurs all the obligations which would result from an express agency with which he might have been invested by the proprietors. *See generally* Comment, *Management of the Affairs of Another,* 36 Tul.L.Rev. 108 (1961).

4. The loss alleged under this claim was for the unpaid asphalt and diesel invoices, plus statutory penalties and attorney's fees.

5. *See* Louisiana Public Works Act, La.Rev.Stat. Ann. §§ 38:2241–48.

6. The motion alleged that Exxon's first claim was one for which relief could not be granted.

Fed.R.Civ.P. 12(b)(6). This part of the motion was supported by an affidavit and documentary attachments. These papers were not excluded by the court. The motion attacked the second claim on the grounds of improper venue. Fed.R.Civ.P. 12(b)(3).

7. The trial court's order granted the motion to dismiss as to the first claim and dismissed as moot the motion to dismiss the second claim. No written reasons were prepared to support this disposition.

8. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

cate. The court denied the request in July, 1977. Shortly after a motion to reconsider the dismissal or the refusal to grant a Rule 54(b) certificate was denied in January, 1979, Exxon filed a notice of dismissal of its second claim under Rule 41(a)(1)(i).[9] On the same day, another motion for a Rule 54(b) certificate and a notice of appeal from the January, 1979 denial of the motion to reconsider were also filed.

In response to Exxon's brief filed in this court, Maryland Casualty filed a motion to dismiss the appeal as premature. It contends that Rule 41 does not permit the withdrawal of a claim after a motion for summary judgment has been filed, that the putative motion to dismiss was in effect a motion for summary judgment, and that Exxon may not dismiss merely a claim under Rule 41(a)(1)(i), but may invoke the rule only to dismiss the entire action. Exxon contends that it acted in time because Maryland Casualty had not filed an answer or motion for summary judgment on the second claim, and that it was proper to use the rule to dismiss the only claim not adjudicated by the district court.

Rule 41(a)(1) grants a plaintiff the right to dismiss "an action" at an early stage of the proceedings voluntarily, without prejudice, and without consent of the court. *See* 9 C. Wright & A. Miller, Federal Practice & Procedure: Civil § 2363 at 151–52 (1971). One method, not involved here, is by filing a stipulation of all the parties (Rule 41(a)(1)(ii)). Exxon attempted to use the other method, filing a unilateral notice of dismissal (Rule 41(a)(1)(i)).

■ A unilateral motion to dismiss an action is permissible only before the defendant has filed an answer or a motion for summary judgment. The theory underly-

ing this limitation is that, after the defendant has become actively engaged in the defense of a suit, he is entitled to have the case adjudicated and it cannot, therefore, be terminated without either his consent, permission of the court, or a dismissal with prejudice that assures him against the renewal of hostilities.

■ However, the right is not cut off by a motion to dismiss. *Carter v. United States*, 5 Cir. 1977, 547 F.2d 258, 259. Maryland Casualty contends that, in this case, things are not as they seem or are named: the trial court's receipt of matters outside the pleadings in considering the motion to dismiss converted it into a motion for summary judgment, terminating Exxon's right to take unilateral action. Exxon counters that Maryland Casualty never filed a motion for summary judgment, but that, even if the motion to dismiss was properly converted into one by action of the trial judge, the motion for summary judgment applied only to the first claim, and thus did not terminate the use of the rule to dismiss the second claim.

■■ The motion to dismiss under Rule 12(b)(6) was indeed converted into a motion for summary judgment because the trial court was presented with, and did not exclude, matters outside the pleadings. Fed. R.Civ.P. 12(b). For the purposes of Rule 41(a)(1), a converted 12(b)(6) motion to dismiss will be treated as a motion for summary judgment. *See Nix v. Fulton Lodge No. 2*, 5 Cir. 1971, 452 F.2d 794, 797–98, *cert. denied*, 1972, 406 U.S. 946, 92 S.Ct. 2044, 32 L.Ed.2d 332; 5 Moore's Federal Practice ¶ 41.02[3] at 41–32 (2d ed. 1978); 9 C. Wright & A. Miller, *supra*, § 2363 at 155.

■ The more difficult problem is whether a motion for summary judgment on the

---

9. (a) **Voluntary Dismissal: Effect Thereof.**

(1) *By Plaintiff; by Stipulation.* Subject to the provisions of Rule 23(e), of Rule 66, and of any statute of the United States, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.

first claim also bobbed the Rule 41(a)(1) tail of the second claim. As we have noted, the purpose of the rule is to permit a plaintiff to take the case out of court at an early stage if no other party will be prejudiced. The filing of an answer or a motion for summary judgment is a bright-line way to determine when that early stage has ended. The rule operates peremptorily without regard to the amount of effort expended in a particular case. *See Carter v. United States, supra,* 547 F.2d at 259. *But see Harvey Aluminum, Inc. v. American Cyanamid Co.,* 2 Cir. 1953, 203 F.2d 105, 107–08, *cert. denied,* 345 U.S. 964, 73 S.Ct. 949, 97 L.Ed. 1383. Nor do we believe that the scope of the motion for summary judgment is material; the rule provides that the period when unilateral dismissal is allowed ends when "*an* answer or *a* motion for summary judgment" (emphasis supplied) is served by the adverse party. This mechanical approach to the problem is consistent with the underlying theme that the procedure imposed by the rule is simple and routine. *See* 9 C. Wright & A. Miller, *supra,* § 2363 at 159.

When we examine the contention that Rule 41(a)(1)(i) permits only the dismissal of entire actions and not single claims, we reach the same result. In *Smith, Kline & French Laboratories v. A. H. Robins Co.,* E.D.Pa.1973, 61 F.R.D. 24, the district court determined that the Federal Rules of Civil Procedure clearly distinguish between a "claim" and an "action":

Therefore, when Rule 41(a) refers to *dismissal of an "action"*, there is no reason to suppose that the term is intended to *include the separate claims which make up an action.* When *dismissal of a claim* is intended, as in Rule 41(b), that concept is spelled out in plain language. (Emphasis in original.)

61 F.R.D. at 29 [10]

Fifth Circuit precedent is not to the contrary. In *Plains Growers, Inc. v. Ickes-Braun Glasshouses, Inc.,* 5 Cir. 1973, 474 F.2d 250, this court allowed a plaintiff to file a notice of voluntary dismissal under Rule 41(a)(1) against a defendant who had not filed an answer or a motion for summary judgment, despite the fact that the case would remain pending against another defendant. A notice of dismissal in that context completely removes a party from the case at a time when it has not filed any responsive pleadings. The would-be defendant is not prejudiced by the dismissal. If the plaintiff decides to re-file the action, the adverse party will have to defend only once.

■ The present situation is quite different. Allowing dismissal of the one remaining claim will not relieve Maryland Casualty of its obligation to appear in court; this appeal would still be pending. Thus Maryland Casualty would face the possibility of defending overlapping claims in two forums if we were to reverse the summary dismissal of the first claim. At this stage of the

**10.** The district court was faced with the question whether a motion to withdraw a claim was properly brought under Rule 15(a) or whether it had to be brought under Rule 41(a)(2). It concluded that Rule 15(a) was the proper vehicle because the plaintiff desired to withdraw a single claim against several defendants, but did not attempt to dismiss all claims as to any defendant. 61 F.R.D. at 31.

Professor Moore agrees that it is technically correct that Rule 15(a) governs the situation where the plaintiff desires to eliminate less than all of the claims, but without dismissing any adverse party. 5 Moore's Federal Practice ¶ 41.06–1 at 41–92 (2d ed. 1978). However, in this case we cannot simply deny the motion to dismiss the appeal on the grounds that the notice of dismissal of the claim would have been proper under Rule 15(a) because none of

the conditions for amending a complaint under that rule have been met. Exxon did not obtain either leave of court or the written consent of Maryland Casualty to amend the complaint. While the motion to dismiss was not a responsive pleading which itself ended Exxon's ability to amend the complaint once as a matter of course, *McLellan v. Mississippi Power & Light Co.,* 5 Cir. 1976, 526 F.2d 870, 872 n. 2, *vacated in part on other grounds en banc,* 1977, 545 F.2d 919, the fact that the converted motion was granted, judgment was entered and the notice of withdrawal of the claim was filed over eighteen months later lead us to the conclusion that the time for amending as a matter of course expired. *See* 6 C. Wright & A. Miller, Federal Practice & Procedure: Civil § 1483 at 414 (1971).

proceedings, we cannot allow Exxon to decide unilaterally to put Maryland Casualty to this risk.

For these reasons, Exxon had no power unilaterally to withdraw the second claim from its complaint, and the second claim is still pending in district court. There is no reason to allow an interlocutory appeal on the first claim. Therefore, the motion to dismiss the appeal as premature is GRANTED.

DISMISSED.