**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 95-10902
Summary Calendar

LOCKHEED CORPORATION,

Plaintiff-Appellee,

VERSUS

ROCKWELL INTERNATIONAL CORP.,

Defendant-Appellant.

Appeal from the United States District Court
For the Northern District of Texas
(4:92-CV-865-Y)

April 4, 1996

Before HIGGINBOTHAM, DUHÉ, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[1]

Rockwell International Corporation ("Rockwell") outbid Lockheed Corporation ("Lockheed") to perform a contract between the United States and Korea. Lockheed sued Rockwell alleging that Rockwell's performance under the contract would constitute infringement of Lockheed's copyright. Rockwell filed a "Motion to Dismiss for Lack of Jurisdiction" in which it argued that exclusive subject matter jurisdiction lay in the court of claims, not the

---

[1] Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

district court.  A great deal of time passed and ultimately the Korean Government canceled the contract rendering the dispute moot. Lockheed then filed a notice of dismissal of its lawsuit which the district court subsequently confirmed by entering an order of dismissal.  Rockwell appeals raising numerous issues.

The threshold question is whether Lockheed had the right to unilaterally dismiss its suit under Rule 41.  Clearly it did.  Rule 41(a)(1)(i) requires the filing of answer or motion for summary judgment to preclude the plaintiff's right of dismissal.  Exxon v. Maryland Casualty Co., 599 F.2d 659 (5th Cir. 1979).  No such pleading was filed in this case.  Rockwell argues that a footnote in its brief filed in support of its motion to the effect that the court might wish to consider the motion as one for summary judgment and the fact that, Lockheed in its brief agreed that the court might do so, somehow transforms the Motion to Dismiss for Lack of Jurisdiction into a motion for summary judgment.  We find this argument unavailing.  What Rockwell filed it clearly labeled a motion to dismiss.  The content of its motion made it clear that it was a motion to dismiss for lack of jurisdiction under Rule 12(b)(1).  Lockheed properly exercised its right to unilaterally dismiss its case and we affirm that dismissal.

AFFIRMED.