# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

---

No. 99-50188

---

In the Matter of JAMES G. LACHANCE,

Debtor.

JAMES G. LACHANCE,

Appellant-Cross-Appellee.

versus

HOME INSURANCE COMPANY,

Appellee,

JEFFREY D. TALMADGE; SCOTT, DOUGLASS
& MCCONNICO L.L.P.; and JULIE SPRINGER,

AppelleesCross-Appellants.

---

Appeal from the United States District Court
for the Western District of Texas
(C.A. A-98-CV-797-SS)

---

February 9, 2000

Before POLITZ and DAVIS, Circuit Judges, and RESTANI,* Judge.

PER CURIAM:**

James G. LaChance appeals the district court's affirmance of a judgment of

dismissal by the bankruptcy court of his claims against Jeffrey D. Talmadge, Julie

A. Springer, Scott, Douglass & McConnico, L.L.P., and Home Insurance Company.

---

*The Honorable Jane A. Restani, Judge of the United States Court of International Trade, sitting by designation.

**Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Talmadge, Springer, and Scott, Douglass cross-appeal the decision by the district court that the dismissal as against them was without prejudice. We modify the decision of the district court and, as modified, affirm.

LaChance filed a legal malpractice action in state court against Talmadge, whose malpractice carrier was Home Insurance. The malpractice action was defended by Springer, an attorney with the Scott, Douglass law firm. The state court granted summary judgment to the defendants in January 1996 and LaChance's subsequent appeal was dismissed as untimely.

In May 1998 LaChance filed the instant adversarial proceeding in the bankruptcy court, attempting to relitigate his previously adjudicated malpractice claims. In addition, he alleged that the defendants and the state court judge conspired to deprive him of his constitutional rights. Each of the defendants filed motions seeking to dismiss for failure to state a claim. Home Insurance filed an answer along with its motion to dismiss. LaChance subsequently moved for voluntary dismissal without prejudice. The bankruptcy court denied LaChance's motion for voluntary dismissal and granted all of the defendants' motions to dismiss with prejudice.

LaChance appealed to the district court which dismissed as frivolous his motion for judgment on the pleadings. The district court affirmed that portion of the bankruptcy court ruling dismissing with prejudice all claims against Home Insurance. It reversed, however, that part of the judgment dismissing with prejudice the claims against Talmadge, Springer, and Scott, Douglass, remanding to the bankruptcy court for voluntary dismissal of those claims without prejudice. In so ruling, the district court relied on Federal Rule of Civil Procedure 41(a)(1)(I), which provides that "an action may be dismissed by the plaintiff without order of court by filing a notice of dismissal at any time before service by the adverse party

of an answer or of a motion for summary judgment, whichever first occurs."[1] Such a dismissal is without prejudice.[2] The court reasoned that Talmadge, Springer, and Scott, Douglass had not served answers or motions for summary judgment before LaChance filed his voluntary motion to dismiss and, therefore, the dismissal had to be without prejudice.

## ANALYSIS

We review a bankruptcy court's conclusions of law *de novo* and its findings of fact for clear error.[3] When the district court has affirmed the bankruptcy court's findings, our review under the clearly erroneous standard is strict.[4]

After considering the parties' briefs, the record, and the relevant law, we agree with the dismissal of LaChance's claims and conclude that his contentions on appeal are without merit. We disagree, however, with the district court's conclusion that dismissal of his claims should be without prejudice with respect to Talmadge, Springer, and Scott, Douglass. Rather, their motions to dismiss are deemed motions for summary judgment for the purposes of Rule 41.

Talmadge's motion expressly states that it was being filed under Federal Rule of Civil Procedure 12(b) and Rule 56, and their counterparts in the bankruptcy rules of procedure.[5] We have held that for purposes of Rule 41, a Rule 12(b)(6) motion becomes a motion for summary judgment unless all extraneous material

---

[1]Fed. R. Civ. P. 41(a)(1)(i).

[2]**Id.**

[3]**Traina v. Whitney Nat'l Bank**, 109 F.3d 244 (5th Cir. 1997).

[4]**Id.**

[5]Fed. R. Bankr. P. 7012(v) and 7056. Fed. R. Civ. P. 56 deals solely with summary judgment. Fed. R. Civ. P. 12(b) provides that a motion to dismiss for failure to state a claim may be treated as a motion for summary judgment if matters outside the pleading are presented to and not excluded by the court.

presented is excluded by the court.[6] Talmadge's motion invoked Rule 56 and the bankruptcy court was presented with and considered matters outside the pleadings. The bankruptcy court correctly dismissed LaChance's claims against Talmadge with prejudice, and its judgment with respect thereto is reinstated and affirmed.

The motion filed by Springer and Scott, Douglass notes that it was being filed under Rule 12(b)(6) and its bankruptcy rule counterpart. It did not expressly state, as had Talmadge's, that it was being filed under the summary judgment rule.[7] Nonetheless, we conclude that their motion to dismiss for failure to state a claim was treated properly as a motion for summary judgment for purposes of Rule 41. The bankruptcy court was presented with and considered in its ruling materials outside of the pleadings. As this court has long resolved, in such an instance a motion to dismiss under Rule 12(b)(6) will be

> converted into a motion for summary judgment because the trial court was presented with, and did not exclude, matters outside the pleadings. For purposes of Rule 41(a)(1), a converted 12(b)(6) motion to dismiss will be treated as a motion for summary judgment.[8]

Insofar as the judgment appealed dismisses LaChance's motion for judgment on the pleadings and dismisses with prejudice his claims against Home Insurance Company, it is AFFIRMED.

Insofar as the judgment appealed requires all claims against Jeffrey Talmadge, Julie Springer, and Scott, Douglass & McConnico, L.L.P., to be dismissed without prejudice, the judgment of the district court is modified to affirm

---

[6]**Exxon Corp. v. Maryland Casualty Co**., 599 F.2d 659 (5th cir. 1979).

[7]They did, however, request that the court grant their "Motion for Summary Judgment" in their Prayer.

[8]**Exxon**, 599 F.2d at 661 (citations omitted).

the judgment of the bankruptcy court dismissing all claims with prejudice and, as so modified, is AFFIRMED.