## ARMOUR RESEARCH FOUNDATION OF ILLINOIS INSTITUTE OF TECHNOLOGY v. BRUSH DEVELOPMENT CO.

### Civ. A. No. 25257.

United States District Court
N. D. Ohio, E. D.
March 7, 1949.

Horace B. Fay, of Cleveland, Ohio, and Donald J. Simpson, of Chicago, Ill., for plaintiff.

Harry C. Page, of Cleveland, Ohio, and M. K. Hobbs and Geo. I. Haight, both of Chicago, Ill., for defendant.

FREED, District Judge.

On October 12, 1948, defendant propounded 18 interrogatories. On November 18, 1948 plaintiff made objections to certain of the interrogatories, filing its answer to the remainder on November 26, 1948. Defendant in its motion of November 30, 1948 complains that plaintiff failed to supply a responsive answer to interrogatory number 3 and asks for a court order requiring plaintiff to properly reply.

Plaintiff objects to interrogatories 2, 4, 6, 8, 10, 12, 14 and 16. It requests the date of invention upon which plaintiff will rely in respect of each claim of the various patents in suit. Plaintiff further objects to interrogatories 17 and 18. It requests the numerical value of the ratio defined in each claim that the plaintiff will ascribe to each device in order to show infringement of the claim by the said device and tell how such numerical value of such ratio was determined.

Interrogatories 2, 4, 6, 8, 10, 12, 14 and 16 are assailed on the ground that to give such information on open answer is improper and that the correct method of obtaining the material sought is by a request for exchange of dates. It is suggested that the information be sealed, deposited with the clerk and opened simultaneously. Plaintiff reasons that with such knowledge the defendant could manufacture evidence to meet the dates. In other words the objection is based on the assumption that the defendant will commit a fraud.

A. B. Dick Co. v. Underwood Typewriter Co., D.C., 235 F. 300, 305 was the first case in which the simultaneous opening of sealed documents containing dates of prior art patents and other matters was put in practice. The court there outlined the procedure in ruling on request for Bills of Particulars. The Dick case was followed in numerous cases at first, but of recent years it has not received approval.

The Federal Rules of Civil Procedure, 28 U.S.C.A., as presently amended were not in effect when the Dick case, supra, was decided. Under the now accepted interpretation, Rule 33 of the Rules of Civil Procedure grants the right to file interrogatories to obtain a broad discovery of information, which may be useful in preparation for trial. Chapter V of the Rules, on the basis of the construction placed upon it, permits wide range of discovery. The principles announced in Hickman v. Taylor, 329 U.S. 495, 67 S. Ct. 385, 91 L.Ed. 451, relating to production of documents are equally applicable to interrogatories.

No purpose would be served by ordering a simultaneous exchange of dates. If the plaintiff wishes such information it too has the same right to obtain it under Rule 33. As Judge Duffy said in, Chandler v. Cutler-Hammer, Inc., D.C., 31 F.Supp. 453, 454: "I do not believe we should base decisions on the assumption that the parties to litigation are dishonest and would attempt to practice a fraud upon the court. * * * Plaintiff can obtain similar information from the defendant at approximately the same time."

The objections to interrogatories 2, 4, 6, 8, 10, 12, 14 and 16 are overruled.

The objection to interrogatories 17 and 18 is that they require opinions, conclusions, or impose the need of research and are therefore, improper. The sole question to be determined in so far as this objection is concerned is, does the information sought require the expression of an opinion or a conclusion?

Plaintiff states that its charge of infringement constitutes an allegation that defendant's device is encompassed within the range of the values stated in the claims and that it should not be required to ascribe specific values to the defendant's devices. It would appear that plaintiff has determined to its own satisfaction what the value of defendant's devices are, otherwise, why would it charge infringement.

Neither interrogatory number 17, requesting what the values are nor number 18, requesting how they were determined is improper. They do not call for expressions of opinion or conclusions. The objections are overruled.

Defendant's motion asking that plaintiff file a proper and responsive reply to interrogatory number 3, charges that the answer given was not definite and was insufficient. The interrogatory asked which claims of patent 2,351,004 plaintiff would rely upon as being infringed respectively by each of several named devices. Plaintiff answered saying that as to some of the named devices, claims 6, 7 and 8 are infringed. It is in this particular that the answer is alleged to be indefinite. Defendant charges that claims 6, 7 and 8 are mutually inconsistent and exclusive, therefore, reasons defendant its devices can only infringe one of the three claims and plaintiff must state which of claims 6, 7 and 8 defendant's devices infringe.

The question of whether claims are mutually exclusive is not for the litigants but for the Court to determine. The answer to interrogatory number 3 is sufficient and defendant's motion is overrruled.