Harry P. JOHNSTONE
v.
John A. CAMPBELL.
No. EBD-58-76.

United States District Court
D. Massachusetts.
March 5, 1959.

Knight Edwards, Edwards & Angell, Providence, R. I., John R. Wheatley, Keith, Reed & Wheatley, Brockton, Mass., for plaintiff.

Levy, Carroll & Jacobs, Providence, R. I., for defendant.

ALDRICH, District Judge.

Piecing things together—I have not been favored with a copy of the pleadings in this foreign action, pending here only under F.R.Civ.P. 37, 28 U.S.C. A., in connection with a local deposition —Johnstone sues Campbell for defamation, alleging as special damages his failure to receive expected employment with Aetna, because of defamatory statements made by Campbell, his former employer, to a "national investigation agency" which was, at Aetna's request, investigating Johnstone's qualifications for the proposed position. Doubtless Campbell defends on the ground of a privileged communication. Doane v. Grew, 220 Mass. 171, 107 N.E. 620, L.R. A.1915C, 774. At the taking of the deposition, Aetna, through its representative, Florer, has refused to disclose the name of the investigation agency, and the contents of its report, on the ground that it is a confidential communication and "privileged." Florer has been informed by mail of the present proceeding, and was actually in the courtroom. This constituted adequate notice within Rule 37. He took no part in the hearing, apparently relying on the parties to make known his position.

It is clear that the requested information is entirely relevant to the suit, both on the issue of publication, and on

damages. Obviously someone has confused the conditional privilege which is part of the substantive law of libel with some imagined privilege not to disclose information a witness desires to keep confidential. There is no such privilege. As the court said in Garland v. Torre, 2 Cir., 259 F.2d 545, 550, certiorari denied 358 U.S. 910, 79 S.Ct. 237, 3 L.Ed.2d 231, "To recognize the privilege asserted here * * * would poorly serve the cause of justice."

The substitute motion is allowed. Had there been a request for costs on the ground of lack of a substantial question I would probably have allowed it as well. If an actual order to the witness is required, counsel for plaintiff may submit such upon notice.