**VERNAY LABORATORIES, INC.,**
Plaintiff,

v.

**INDUSTRIAL ELECTRONIC RUBBER**
CO. (Inc.), Defendant.

Civ. A. No. C 64-207.

United States District Court
N. D. Ohio, E. D.

Sept. 15, 1964.

**162**

Jerome F. Kramer, Schramm, Kramer, Sturges & Rees, Cleveland, Ohio, Stanley H. Foster and Albert E. Strasser, Yungblut, Melville, Strasser & Foster, Cincinnati, Ohio, for plaintiff.

E. E. Donnelly, Jr., John C. Oberlin, and J. W. Renner, Oberlin, Maky & Donnelly, Cleveland, Ohio, for defendant.

KALBFLEISCH, District Judge.

Defendant's request for an oral hearing on its motion for summary judgment will be denied since the Court can dispose of the questions presented without need of an oral hearing.

Defendant has moved for a summary judgment based upon the claim that patent No. 3,090,108, the patent which plaintiff charges defendant has infringed, is void and unenforceable.

In examining defendant's claim for summary judgment the Court is mindful of the fact there can be an issue over interpretation of known facts. The Sixth Circuit Court of Appeals in S. J. Groves & Sons Co. v. Ohio Turnpike Commission, 315 F.2d 235, 237 (1963), cert. denied 375 U.S. 824, 84 S.Ct. 65, 11 L.Ed.2d 57 (1963), stated:

> "It is often the case that although the basic facts are not in dispute, the parties in good faith may nevertheless disagree about the inferences to be drawn from these facts, what the intention of the parties was as shown by the facts, or whether an estoppel or a waiver of certain rights admitted to exist should be drawn from such facts."

The patent in question describes a rubber tipped needle valve and, specifically, the method for manufacture of such a valve. The valve can be used in many general applications and particularly in connection with carburetors of conventional reciprocating engines. Claim 1 describes invention of a method which will minimize "turbulence and flow restriction" in using the valve, due to giving the valve an "uninterrupted continuation of the configuration" between the rubber tip and metal body of the valve. Claim 1 in its entirety states:

> "A method of making a composite substantially conical valve element having a rigid body and an undistorted resilient tip, *the body and tip configuration being such as to provide for minimal turbulence and flow restriction in use,* which method comprises the steps of providing a rigid body having a socket, placing said body in contact with the inner surface of a mold for said resilient tip, causing the mold to engage said body so as to swage the exterior periphery of the body in the region of the socket *into what will be an*

*uninterrupted continuation of the configuration of the tip to be formed,* and then injecting resilient material into said mold to fill said socket and to form said tip, whereby *the body constitutes an uninterrupted continuation of the configuration of the tip* and whereby no substantial amount of the injected resilient material can escape between the mold and body to form any material amount of flash which would require removal." (Emphasis added.)

Defendant contends that "Each of claims 1, 2 and 3 of said patent is totally without support in the written description of said patent." Specifically, defendant contends there is no written description "supporting [the emphasized] claim language or the feature purported to be covered thereby."

Section 112 of Title 35 U.S.C.A., states in part:

"The specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person *skilled in the art to which it pertains,* * * * to make and use the same, * * *." (Emphasis added.)

The general rule limits claims of a patent to subject matter supported by the written description of the patent specification. This is based on the object of the patent statutes to inform the public of the limits of the patent monopoly asserted so as to enable the public to know what elements of the manufactured item may be duplicated without a license. Thus a patent monopoly cannot extend beyond the invention described and explained as the statute requires. Permutit Co. v. Graver Corp., 284 U.S. 52, 52 S.Ct. 53, 76 L.Ed. 163 (1931); Schriber-Schroth Co. v. Cleveland Trust Co., 305 U.S. 47, 59 S.Ct. 8, 83 L.Ed. 34 (1938). Plaintiff does not dispute the general rule, nor does it charge that defendant's Exhibit C is not a true copy of patent No. 3,090,108. Plaintiff disagrees with defendant's charge that subject mat-

ter significant to the invention which is mentioned in claims 1, 2 and 3 is not mentioned in the written description.

Plaintiff has submitted an affidavit of Mr. Evans, a patent lawyer of 27 years' experience, with no interest in the case and no prior connection with the parties concerned, and who also holds a degree in mechanical engineering. Mr. Evans stated that he was not an expert in carburetion, but as an engineer he knew that in the flow of any fluid past a valve element any irregularity protruding into the stream of the fluid would restrict the flow and cause turbulence. Thus he felt that anyone skilled in the art of carburetion would realize that the invention claimed in patent No. 3,090,108 was for the minimization of "turbulence and flow restriction." He further stated that this purpose, though not expressed in the exact words of the claim, found adequate support in the specification of the patent. The Court feels that expert testimony is required to interpret effectively the technical requirements of a valve used in carburetors. (This use of the valve was proposed in the written description.) An expert, that is a person "skilled in the art," may find the configuration and its desired purpose are well explained in the specification, although the exact words used in the claim admittedly are not found in the written specification. Even if such configuration and purpose are not explained it may well be that a person "skilled in the art" could "make and use" the invention without reading the emphasized words found in the claim. Section 112 of Title 35 U.S. C.A., supra. There is certainly a question as to the correct inferences to be drawn from the basic facts, and a genuine issue of a material fact is present. S. J. Groves, supra.

Defendant next contends that:

"Claims 1, 2 and 3 of the patent in suit recites as invention certain subject matter not disclosed until the December 19, 1962 filing date of the patent in suit, this being more than one year subsequent to the admitted date of commencement of

public use of the patented invention by the plaintiff."

Section 102(b) of Title 35 U.S.C.A., says in part:

"A person shall be entitled to a patent unless—

"(b) the invention was * * * in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States,"

 Plaintiff began selling the needle valve element in January of 1960, more than a year prior to the application date of December 19, 1962. However, if patent No. 3,090,108 is a "division" of an earlier patent the date of application of the earlier patent will also be considered the date of application of patent No. 3,090,108. See Sections 120, 121 of Title 35 U.S.C.A. In the present case plaintiff's patent No. 3,090,596 was applied for on December 16, 1960, which is within the one year requirement of Section 102(b) of Title 35 U.S.C.A. In order for this "carry back" of the application date to take effect the second invention (Claims 1, 2 and 3 of No. 3,-090,108) must be disclosed in the application for the first patent (No. 3,090,-596), in the manner provided by the first paragraph of Section 112 of Title 35 U.S. C.A., supra.

The Court notices that claim 6 of patent No 3,090,596 differs in language from claim 1 of patent No. 3,090,108. However, Mr. Evans stated that the two claims are virtually identical as far as describing the actual steps in the invented method of manufacture, and that the difference in wording is inconsequential. The main differences in wording, as claimed by defendant, are that the original claim 6 does "not contain any reference to 'turbulence,' 'flow restriction,' or the formation of the body into an 'uninterrupted continuation of the configuration' of the resilient tip." Once again, whether these differences are significant is unknown to the Court.

Defendant's next contention relies on the same grounds as the prior contention and cannot be accepted by the Court.

Defendant's final contention is:

"The patent in suit, viz., No. 3,-090,108, no longer exits, said patent having been surrendered for Reissue Patent No. 25,560, with the latter being granted subsequent to the filing of the Complaint in this action and failing to retain claim 5 of said Patent No. 3,090,108."

Claim 5 of the reissue patent No. 25,5⊃0 is identical in wording to claim 5 of patent No. 3,090,108 except for insertion of the phrases "which tip protrudes from said valve body," and "the threads hold said tip to said body."

 Sections 251 and 252 of Title 35 U.S.C.A., allow a cause of action on the original patent to be continued to the extent that the claims are "identical." The following test of what is identical has been adopted by the United States Supreme Court in United States Industrial Chemicals Inc. v. Carbide & Carbon Chemicals Corp., 315 U.S. 668, pages 675–676, 62 S.Ct. 839, page 843, 86 L.Ed. 1105 (1942):

"The question is whether, in the light of the disclosures contained in the two patents, they are for the same invention. This court has said that they are if the reissue fully describes and claims the very invention intended to be secured by the original patent; if the reissue describes and claims only those things which were embraced in the invention intended to have been secured by the original patent; if the broader claims in the reissue are not merely suggested or indicated in the original specification but constitute parts or portions of the invention which were intended or sought to be covered or secured by the original patent. The required intention does not appear if the additional matter covered by the claims of the reissue is not disclosed in the original patent."

Mr. Evans stated that the teaching contained in the heretofore quoted phrases added in the reissue patent is obvious to him from the drawings of the parent

patent. Defendant claims the substance of the patent has been altered by the addition. The addition of these phrases was made only after the Patent Examiner rejected claim 5 as originally tendered to him for reissue because of similar inventions already patented. There are other additions in claim 5 of the reissue patent made in response to the rejection. Thus the Court cannot determine whether these two phrases standing alone made the difference between acceptance or rejection. Notwithstanding the Patent Examiner's opinion, it still would be this Court's function to decide whether the reissue patent is identical within the test of United States Industrial Chemicals Inc. supra. An issue is presented here which cannot be resolved by summary judgment.

■ The Court finds there is irreconcilable disagreement on the conclusions to be drawn from the admitted facts, which can be clarified only by testimony. Therefore, the Court will overrule defendant's motion for summary judgment.

Defendant also has moved to compel answers to certain interrogatories which plaintiff has refused to answer.

■ Plaintiff objects to interrogatories 2 through 5 on the ground that they are premature because answers will restrict plaintiff's proofs in respect to the dates of conception and reduction to practice of the patents concerned; "whereas there is no corresponding restriction as yet on defendant in respect to its proof." This is not a ground for objection. See Armour Research Foundation v. Brush Develop. Co., 9 F.R.D. 113 (N.D.Ohio, E.D., Freed, J., 1949). Plaintiff also objects to interrogatories 3 and 5 on the ground that the information requested involves an invention, application, and patent which are not in suit. Patent No. 3,090,596 is obviously in this suit. Plaintiff's objections to interrogatories 2 through 5 will be overruled.

■ Plaintiff objects to interrogatories 7(b), (c) and (d) on the grounds of irrelevancy and immateriality, and for the further reason that "if relevant the questions are premature in that they could relate only to the question of damages and an accounting, which factors are not involved at this state of the proceedings." Plaintiff also asserts such information is in "the nature of confidential business information." The interrogatories in question request:

"(b) State by calendar year the total sales of said needle valve elements, both by number sold and dollar volume, occurring after the date set forth in answer to (a) of this Interrogatory.

"(c) State by calendar year the sales and promotional costs of said needle valve elements occurring after the date set forth in answer to (a) of this Interrogatory and corresponding to the dollar volume by calendar year set forth in answer to (b) of this Interrogatory.

"(d) Identify and describe with particularity the production, sales, promotional and advertising records which form the basis for the answers to (b) and (c) of this Interrogatory."

Paragraph 6 of plaintiff's complaint alleges that the sale of the needle valve elements has "met with wide-spread commercial success." Thus plaintiff itself has raised the issue of commercial success, and it is only reasonable that defendant be allowed to determine exactly how successful sales have been. Furthermore, when there is a question of the validity of patents the Court recognizes that commercial success will tip the scales for validity when there is a doubt as to patentability. Even-Cut Abrasive B. & E. Corp. v. Cleveland Cont. Co., 171 F.2d 873 (CA 6 1949); O'Leary v. Liggett Drug Co., 150 F.2d 656 (CA 6 1945). Plaintiff will be ordered to answer interrogatories 7(b), (c) and (d).

■ Interrogatory 9 requests that plaintiff state "specifically and with particularity the means by which Defendant is alleged to have obtained knowledge of and begun the practice of the then secret

alleged invention." The remaining divisions of the interrogatory request information concerning identity and location of documents pertinent to the knowledge acquired. Plaintiff objects on the ground that the information sought is "primarily within the knowledge and control of the Defendant." It is stated in 4 Moore's Federal Practice (2nd Ed.), Section 26.21, p. 1271, that:

"A few decisions have followed the old rule holding that inquiry was not proper as to facts within the discoverer's knowledge or facts of general public knowledge. However, the limitation has been almost entirely discarded by a majority of the cases."

See also The Cooper-Bessemer Corp. v. Marathon Electric Mfg. Corp., Civil Action No. 37108 (N.D.Ohio, E.D., Kalbfleisch, J., 1963). Plaintiff will be ordered to answer interrogatory 9.

▮ Interrogatories 11(a) and 12(a) request the names of persons involved in any way with the preparation of two of the patents involved in the present case. The defendant also makes the following requests:

"(b) Do Plaintiff, its officers, its employees, or agents have in their possession or under their control any records, sketches, photographs, notes, or any other memoranda or correspondence relating to the preparation of the drawings for application for U. S. Letters Patent Serial No. 76,359 [245,718 in 12(b)]?

"(c) If the answer to (b) of this Interrogatory is in the affirmative, specify with particularity each and every said record, sketch, photograph, note, or any other memorandum or correspondence.

"(d) If the answer to (c) of this Interrogatory is in the affirmative, state the name and address of each employee, officer, and agent of Plaintiff having knowledge of the items set forth, the names and addresses of the persons having custody thereof, and the present whereabouts of each said item."

Plaintiff answered interrogatories 11(a) and 12(a) by supplying the names of persons involved with preparation of the patents, but objects to supplying further information requested in (b), (c), and (d) of these interrogatories on the ground that "the information sought is privileged material between Plaintiff and its counsel." The Court finds no merit in plaintiff's claim of privilege, and the objections to interrogatories 11 and 12(b), (c), and (d) will be overruled.

Interrogatory 13 asks for the same information as interrogatories 11 and 12, except that the information sought pertains to "preparation of the Petition to Make Special and the accompanying affidavits filed in application for U. S. Letters Patent Serial No. 245,718." Plaintiff has supplied the names of persons involved in preparation of the petition, but objects to supplying the other information on the identical ground of privilege claimed for interrogatories 11 and 12. Plaintiff will be ordered to answer interrogatory 13.

▮ Plaintiff has moved under Rule 15 to amend and supplement the complaint by substituting Reissue Patent No. 25,560 for Patent No. 3,090,108. It has been stated that a supplemental bill should relate to the original cause of action, not to a separate cause of action. Berssenbrugge v. Luce Mfg. Co., D.C., 30 F.Supp. 101 (1939). The reissue patent is nearly identical to the original patent but contains two additional claims relating to a method of manufacturing the needle valve element concerned. Motions for supplemental complaints in patent cases have been treated liberally:

"Several patent cases have involved applications to file supplemental pleadings setting up added claims for infringement of patents other than the one first sued on, and permission has in some cases been granted to file such pleadings, although in a sense a new cause of action is thereby set up." 6 Cyclopedia

of Federal Procedure (3rd Ed.), Section 18.58, pp. 260–61.

The entire patent controversy between the parties should be settled at one trial. Cheney Co. v. Cunningham, D.C., 29 F. Supp. 847 (1939). Furthermore, defendant has not shown how its rights will be prejudiced by the allowance of plaintiff's motion (Bellavance v. Frank Morrow Co., D.C., 2 F.R.D. 9 (1941)), and the defendant will be allowed twenty (20) days within which to answer the supplemental complaint. See Rule 15(d). In the interest of efficient disposition of the controversy, the Court will order that plaintiff's motion to file a supplemental complaint be sustained.