**DIAMOND CRYSTAL SALT COMPANY,**
**Plaintiff,**

v.

**PACKAGE MASTERS, INC., Defendant.**

**Civ. A. No. 3681.**

United States District Court,
D. Delaware.

Dec. 8, 1970.

Arthur G. Connolly, Jr., of Connolly, Bove & Lodge, Wilmington, Del., for plaintiff; Charles R. Penninger and Neal A. Waldrop, of Harness, Dickey & Pierce, Detroit, Mich., of counsel.

David F. Anderson, of Potter, Anderson & Corroon, Wilmington, Del., for defendant; Hugh A. Chapin and Albert J. Breneisen, of Kenyon & Kenyon, Reilly, Carr & Chapin, New York City, of counsel.

## MEMORANDUM OPINION AND ORDER

LATCHUM, District Judge.

This is a patent suit. Plaintiff seeks injunctive relief and damages based on the allegations that defendant has infringed U. S. Patent No. 3,306,437 (a "Coded Shipping and Dispensing Carton Assembly"), issued to Richard L. Nelson and now owned solely by the plaintiff. By counterclaim the defendant has filed a declaratory judgment action seeking a declaration that the patent is invalid and that the defendant has not infringed.

The plaintiff has objected to defendant's interrogatories 4, 6, 10 and 11. By agreement of counsel the matter was submitted to the Court for decision on written memoranda and without oral argument.

■■ Interrogatory 4 inquires into the amount of annual sales by plaintiff of those products embodying the claims of the patent in suit. Plaintiff objects to this interrogatory on the ground that it is irrelevant and of a confidential business nature. Paragraph 5 of the complaint reads:

"5. *Plaintiff* is engaged in the manufacture and sale of coded shipping and dispensing carton assemblies embodying the invention of said Letters Patent No. 3,306,437 *and has built up a substantial and profitable business in the sale of these products.*" (Emphasis supplied)

Defendant denies these allegations. By virtue of the emphasized language of paragraph 5 quoted above plaintiff, in effect, has put in issue the commercial success of its patented product. The interrogatory therefore is relevant to this issue. Also, by defendant's counterclaim and plaintiff's reply the validity of the patent is also an issue in this action. Commercial success may tip the scales in favor of validity when there is doubt as to patentability. Thus commercial success is relevant to the issue of patent validity as well. Vernay Laboratories, Inc. v. Industrial Electronic Rubber Co., 234 F.Supp. 161, 165 (N.D.Ohio 1964); Clevite Corp. v. Beckman Instruments, Inc., 257 F.Supp. 50, 51 (S.D.Cal.1966).

■ Further, no absolute privilege protects confidential information from disclosure through the discovery process. If the information is relevant to an issue in the action and is needed to resolve that issue, disclosure will be required subject, of course, to an appropriate protective order. Finding no merit to plaintiff's contention, its objection to defendant's interrogatory 4 will be overruled.

■ Interrogatory 6 requests plaintiff to state those items within each claim alleged to be infringed by defendant

which were previously known, the new and unexpected result obtained from the claimed structure, as well as those items of the claimed invention which were not obvious at the time of making the alleged invention. Plaintiff objects to this interrogatory on the basis that it attempts to shift the burden of proof with respect to invalidity and that it calls for legal conclusions.

Revised Rule 33(b), F.R.Civ.P., effective July 1, 1970, provides that an interrogatory "is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact, but the court may order that such an interrogatory need not be answered until after designated discovery has been completed or until a pre-trial conference or other later time." The documents of record in the patent office pertinent to the prosecution of the application which matured in the patent in suit and which are available to defendant should be examined first by the defendant in order to obtain the information sought by interrogatory 6. If the file wrapper does not sufficiently provide the information sought, then to that extent the interrogatory or some modification of it may be refiled to discover these matters. Thus, plaintiff's objection to interrogatory 6 is sustained at this time subject to being refiled if the file wrapper does not adequately provide the information sought.

 Interrogatories 10 and 11 inquire of any requests made to plaintiff to grant a license under the patent in suit and of any negotiations with respect to a license. Plaintiff contends that since no licenses have been granted by plaintiff, the information sought as to requests or negotiations for a license are not relevant to any issue in the case. One of the issues raised by defendant is patent misuse. Patent misuse may take many forms. The information sought is relevant to that claim and the defense based thereon raised by the defendant in its answer and counterclaim. Finding that the information sought is reasonably calculated to lead to the discovery of admissible evidence on this issue, plaintiff's objections to interrogatories 10 and 11 are overruled.

### ORDER

For the reasons above stated, it is

Ordered that (1) plaintiff's objections to interrogatories 4, 10 and 11 are overruled and plaintiff shall answer these interrogatories within twenty days from the date of this order, unless an extension of time is agreed to by the parties or enlarged by the Court, (2) plaintiff's objection to interrogatory 6 is sustained at this time but that interrogatory or a modification thereof may be refiled to the extent the file wrapper does not reveal the information sought and (3) with respect to any information required to be disclosed by this Order which is deemed confidential by a party, an appropriate protective order may be stipulated to by the parties, or, if agreement cannot be reached, the affected party may apply to the Court for an appropriate order.