Tscherim SOOBZOKOV,
Plaintiff-Appellee,

v.

CBS, INC., QUADRANGLE/NEW YORK TIMES BOOK CO., INC., and Howard Blum, Defendants,

Anthony J. DeVito, Appellant.

No. 274, Docket 80–7493.

United States Court of Appeals, Second Circuit.

Argued Oct. 8, 1980.
Decided Feb. 9, 1981.

Tess L. Segel, New York City, for appellant.

Michael F. Dennis, Garden City, N. Y., for plaintiff-appellee.

Before FEINBERG, Chief Judge, VAN GRAAFEILAND, Circuit Judge, and HOLDEN, District Judge.*

VAN GRAAFEILAND, Circuit Judge:

Appellant was subpoenaed by plaintiff to appear for deposition as a witness in a libel action against the author and publishers of a book entitled *Wanted: The Search for Nazis in America*. Appellant's *pro se* motion to quash the subpoena was referred by the district court to Magistrate Harold J. Raby, who denied the motion. Appellant then testified and answered all but two questions. These asked for the identity of, and the amount of money given by, the person who financed appellant's trip to the Soviet Union after the commencement of the libel action, the purpose of the trip being to obtain information concerning plaintiff's alleged Nazi activities.

Magistrate Raby ordered appellant to answer the two questions, and, when he refused, informed him of his right to counsel. Counsel for the defendants volunteered to represent appellant but he declined the offer. The district court ordered him to show cause why he should not be held in contempt.

Appearing *pro se* before the district court, appellant took the position that the information sought was privileged and irrelevant to any issue in the law suit. Plaintiff argues that he wanted to find out

* Of the District of Vermont, sitting by designation.

where the money originated and whether appellant's benefactor was acting as a conduit for payments to appellant from the defendants. At the suggestion of defendants' counsel who was present at the show cause hearing as a friend of the court, Judge Goettel permitted appellant to make an *in camera* disclosure by affidavit, in order that the Judge might determine the relevance of the requested information. Judge Goettel cautioned, however, that, because he knew very little about the merits of the action, he probably would not be able to determine relevancy on the basis of the *in camera* disclosure alone.

After examining the sealed affidavit submitted by appellant, the court stated:

[I]t does not appear that the identity [or] the name of the person who supplied Mr. DeVito with the funds and the amount given to him for his trips does have any relevancy to the case. From the information provided, the undisclosed individual is a person with no personal involvement whatever. While Mr. DeVito's affidavit does not say so, it implies that he does not know the plaintiff and has never met him. However, as we noted during argument of the motion, the Court has only limited knowledge of the issues in the case and only plaintiff's counsel would be in a position to say whether the answers to these questions could lead to relevant information.

Accordingly, the court ordered appellant to answer the questions, with the proviso that the answers were to be received in confidence by plaintiff and his counsel, who were not to use the information without leave of the court. Moreover, if plaintiff wanted to depose appellant's benefactor, he was to be permitted to do so only if the magistrate assigned to the case agreed that the discovery was necessary.

Upon appellant's continued refusal to answer, the district court on March 24, 1980 held him in contempt and ordered him committed to the Metropolitan Correctional Center until he purged himself. The court also directed appellant to pay plaintiff $250 for counsel fees. On April 4, 1980 the district court ordered appellant's release, finding that his confinement "will not achieve the purpose for which it was intended." At the same time, however, the district court ordered appellant, beginning on April 7, 1980, to pay $50 for each day he continued to refuse to answer plaintiff's questions.

Appellant's motion for reconsideration of the district court's March 24 and April 4 orders was denied on May 7, 1980. The court stated that "[t]he impossibility of the Court's determining the relevance of the information sought without the plaintiff's counsel knowing the answers still continues. The witness cannot determine for himself, the parties, and the Court, that the information is irrelevant." On May 22, 1980 the district court, having determined that the continued imposition of a daily fine would not achieve the purpose for which it was intended, terminated the fine and provided that, in the event appellant purged himself, the accrued fine which then totalled $2,300 would be vacated. We affirm the orders appealed from except insofar as they imposed a fine of $50 per day following appellant's release from confinement. That portion is reversed.

Motions relative to discovery are addressed to the discretion of the court. *Baker v. F & F Investment*, 470 F.2d 778, 781 (2d Cir. 1972), *cert. denied*, 411 U.S. 966, 93 S.Ct. 2147, 36 L.Ed.2d 686 (1973). The disclosure ordered by the district court was consistent with the broad and liberal treatment generally accorded Fed.R.Civ.P. 26, *see Hickman v. Taylor*, 329 U.S. 495, 507–08, 67 S.Ct. 385, 391–92, 91 L.Ed. 451 (1947), and was not an abuse of discretion. Plaintiff argued that appellant's benefactor had knowledge of relevant facts or of facts which might lead to the discovery of admissible evidence. Appellant denied this. The district court found that it was impossible to resolve the issue by means of its *ex parte, in camera* review. Judge Goettel was not obliged to accept appellant's assertion that the unnamed individual had no connection with the case. *See Republic Productions, Inc. v. American Federation of Musicians*, 30 F.R.D. 159, 162 (S.D.N.Y.

1962); *Heiner v. North American Coal Corp.*, 3 F.R.D. 63 (W.D.Pa.1942). Neither was he required to accord appellant an evidentiary privilege arising out of appellant's promise to protect the identity of his benefactor. *See Diamond Crystal Salt Co. v. Package Masters, Inc.*, 319 F.Supp. 911, 912 (D.Del.1970); *Johnstone v. Campbell*, 23 F.R.D. 234 (D.Mass.1959). The district court did not err in ordering disclosure and holding appellant in contempt for refusing to comply with its order.

 Having adjudged appellant in contempt, the district court had wide discretion in fashioning a remedy. *Vuitton et Fils S.A. v. Carousel Handbags*, 592 F.2d 126, 130 (2d Cir. 1979). However, this discretion was not unlimited. Because sanctions for civil contempt are designed to coerce the contemnor into compliance with the court's mandate and to remedy past non-compliance, *In re DiBella*, 518 F.2d 955, 959 (2d Cir. 1975), they should be remedial and compensatory, not punitive. *Sunbeam Corp. v. Golden Rule Appliance Co.*, 252 F.2d 467, 469 (2d Cir. 1958). When it becomes obvious that sanctions are not going to compel compliance, they lose their remedial characteristics and take on more of the nature of punishment. *See In re Grand Jury Investigation*, 600 F.2d 420, 423–24 (3d Cir. 1979); *Lambert v. State of Montana*, 545 F.2d 87, 89–91 (9th Cir. 1976).

Ordinarily, it is for the district judge to determine when and if the borderline between coercion and punishment has been reached. *See E. Ingraham Co. v. Germanow*, 4 F.2d 1002, 1003 (2d Cir. 1925). Here, Judge Goettel seems to have made that decision when he released appellant from jail and found that the confinement would "not achieve the purpose for which it was intended." However, after thus determining that imprisonment, the harshest sanction at his disposal, would not work, the Judge imposed the "less Draconian" measure of a continuing daily fine.

We are fully aware of the difficulties faced by the district judge in dealing with the strongly motivated, *pro se* contemnor in an area where feelings run unusually high. We do not want to second guess him. However, we have read the *in camera* affidavit and, under the peculiar facts of this case, we conclude that the district judge should not have imposed a fine, after having expressly found that imprisonment would be totally ineffective in bringing about the desired result.

Accordingly, we reverse that part of the April 4, 1980 order which required appellant to pay the sum of $50 per day, beginning April 7, 1980. In all other respects, the orders appealed from are affirmed without costs to either party.[1]

---

1. This holding should not be construed to prevent plaintiff from examining appellant on the same subject if appellant is called as a witness on the trial and the presiding judge determines that the information sought is admissible under the stricter standards applying at trial, *see* 4 Moore's Federal Practice ¶ 26.56[4] (2d ed. 1979), and otherwise unobjectionable.