Gayfryd McNabb JOHNSON, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 83 Civ. 6639 (MP).

United States District Court, S.D. New York.

Jan. 11, 1984.

See also D.C., 573 F.Supp. 641.

Willkie Farr & Gallagher by Philippe Salomon, Anthony Phillips, and Richard Klein, New York City, for plaintiff.

Rudolph W. Giuliani, U.S. Atty., S.D.N.Y. by Frederick M. Lawrence, New York City, for defendant.

## MEMORANDUM

MILTON POLLACK, Senior District Judge.

Plaintiff has moved for an order awarding her counsel fees, costs, and expenses incurred in the litigation of this action for review of a jeopardy tax assessment, in accordance with the terms of this Court's Opinion and Order entered on October 28, 1983, 573 F.Supp. 641. Plaintiff requests that such award be granted in the amount of $154,506.56.

In making this motion, plaintiff relies on the following statement contained in the concluding section of the October 28, 1983 Opinion and Order:

> Costs and expenses of plaintiff, as well as counsel fees to date, are awarded to plaintiff as the proper measure of the relief to which she is entitled on the vacation of the jeopardy assessment and for the government's conduct in derogation of the Court's order of September 27, 1983. 26 U.S.C. § 7430. Those will be fixed on application to the Court on notice to the defendant.

*Id.* at 647.

The defendant United States raises three objections to the requested award. First, defendant asserts that the motion be denied in its entirety because plaintiff has failed to adequately document the costs and expenses allegedly incurred. Second, defendant contends that the award must not exceed $25,000, the maximum recovery of litigation costs authorized under 26 U.S.C. § 7430, the statute governing awards of costs in civil actions challenging the reasonableness of jeopardy tax assessments. Third, defendant asserts that in any event plaintiff's application must be substantially reduced to account for "noncompensable tasks and overstaffing".

### Adequacy of Documentation

In *New York State Association for Retarded Children, Inc. v. Carey*, 711 F.2d 1136 (2d Cir.1983), the Second Circuit made clear that "any attorney ... who applies for court-ordered compensation in this Circuit for work done after the date of this opinion must document the application with contemporaneous time records." *Id.* at 1148. Such records "should specify, for each attorney, the date, the hours expended, and the nature of the work done." *Id.* at 1148.

The documentation supplied by plaintiff to support the amount of the request fails to meet the letter of this contemporaneous time record requirement.

Plaintiff's documentation consists of the following: (1) an affidavit by Philippe M. Salomon of the law firm of Willkie, Farr & Gallagher which sets forth twelve categories of work performed by nine attorneys and five paralegals employed by WF & G, the total amount of time spent by each of these persons on the case and the firm's customary billing rate for such time, and a schedule of the firms related costs and expenses incurred in the action; (2) a daily summary of services rendered by WF & G which does not state how much time was spent on any particular activity and does not always state which attorney or employee did the work; and (3) an affidavit by William H. Cook, Jr., of the New Orleans law firm of Sessions, Fishman, Rosenson, Boisfontaine & Nathon ("SFRB&N") which sets forth examples of the sorts of work performed for plaintiff in connection with this action by four attorneys and two legal assistants of that firm, along with the total amount of time spent and the corresponding billing totals for each attorney and employee.

This documentation is not fully adequate because it fails to state who did many of the tasks and how much time was spent on any particular task. Without a more specific and detailed record of how plaintiffs' thirteen attorneys spent their time, "it is hard to weigh claims of overstaffing and duplication." *New York State Association for Retarded Children, supra,* 711 F.2d at 1147.

### Statutory Cap on Damages

Defendant asserts that any award for attorney's fees be limited by the $25,000 maximum set forth in § 7430.

In seeking an order for contempt against the government for its failure to abide by the Stipulation and Order vacating the jeopardy assessment, plaintiff requested reimbursement for attorney's fees not only under § 7430,[1] but also under the Court's

general power to shift a party's costs and fees to an adversary held in contempt. *See, e.g., Soobzokov v. CBS, Inc.,* 642 F.2d 28, 31 (2d Cir.1981) ("Having adjudged appellant in contempt, the district court had wide discretion in fashioning a remedy.... [S]anctions for civil contempt ... should be remedial and compensatory, not punitive.").

■ Although this Court's October 28, 1983 Opinion and Order stated that plaintiff's entitlement to costs, expenses, and counsel fees "to date" was based in part upon "the government's conduct in derogation of the Court's order of September 27, 1983," the Court did not expressly hold the government in contempt of court, nor did it expressly find that the government had *willfully* violated the order.

■ In these circumstances, the Court finds that the government's conduct in derogation of this Court's orders does not provide an independent basis for plaintiff's recovery which would allow recovery beyond that permitted by § 7430. An award of the reasonable costs of prosecuting a contempt, including attorney's fees, is appropriate only "if the violation of the decree is found to have been willful." *Vuitton et Fils S.A. v. Carousel Handbags,* 592 F.2d 126, 130 (2d Cir.1979). The Court at this point in time is loathe to engage in an examination of the intent of the New Orleans and New York representatives of the defendant United States and its tax department in connection with this matter, which for the moment is quiescent.

For these reasons, the Court finds it appropriate to limit the recovery of expenses and attorney's fees in this case to that allowable under § 7430.

### Noncompensable Items and Overstaffing

■ Defendant contends that plaintiff's application is excessive because it seeks compensation for noncompensable items and claims an unjustifiable number of

---

1. In the last paragraph of the September 27, 1983 Stipulation and Order, both parties expressly waived "any costs and attorney's fees related to this action." The October 28, 1983 Opinion and Order must therefore be read as negating plaintiff's waiver in light of the government's flouting of the Stipulation and Order. *See* Fed.R.Civ.P. 60(b) (permitting relief from a final order because of misconduct of an adverse party).

hours for accomplishment of the tasks required.

Defendant may be correct in asserting that plaintiff requests an award which is in some ways excessive. For example, defendant's assertion that plaintiff may not recover for the work of non-attorney paralegals on a billable-hour basis is well founded, since "their time cannot be considered as input in the fee award determination." *City of Detroit v. Grinnell Corporation,* 495 F.2d 448, 473 (2d Cir.1974).[2]

In any event, however, defendant's claim that plaintiff's request for $154,506.56 is excessive must be viewed in a new light because of the Court's decision that plaintiff's recovery herein is subject to a $25,000 ceiling.

From the Court's own observation and experience in connection with legal services, it is evident—notwithstanding the lack of fully adequate documentation and even assuming some excess in the amount requested—that the documentation submitted by plaintiff is a more than adequate basis on which to find that well over $25,000 of services were rendered necessarily by reason of the jeopardy assessment and the improper conduct of the government in disregard and attempted circumvention of the Court's orders.

For the foregoing reasons, judgment is granted in favor of plaintiff, the prevailing party herein, for reasonable litigation costs, limited however as provided by statute to the maximum of $25,000. The Court finds that the prevailing party plaintiff had exhausted the remedies available to her within the Internal Revenue Service in connection with her protest against the jeopardy assessment. Payment shall be made thereof in ten days.

SO ORDERED.

---

**2.** However, plaintiff would be entitled to reimbursement of their wages, although in general such reimbursement would be allowed only if plaintiff presented the Court with information concerning the paralegals' experience, training, and wages. *Id.* at 473.