887 F.2d 1081
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Albert L. SIVLEY, Claimant-Appellant,
v.
A.H. ROBINS COMPANY, INCORPORATED, Debtor-Appellee.
 No. 88-2829.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Aug. 31, 1989.
Decided: Oct. 6, 1989.
Rehearing and Rehearing In Banc Denied Nov. 21, 1989.
 
 Albert L. Sivley, appellant pro se.
 Susan Warriner Custer (Mays & Valentine), for appellee.
 Before DONALD RUSSELL, WIDENER and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Albert L. Sivley, a Dalkon Shield claimant, appeals the district court's order holding him in contempt of court for violating the order enjoining Dalkon Shield suits against A.H. Robins Co. and its codefendants while Robins's Chapter 11 proceedings were pending. We remand for further proceedings.
 
 
 2
 After Robins filed for bankruptcy, Sivley filed suit against Robins and two codefendants (Johns Hopkins University and Ortho Pharmaceutical Corporation) in the United States District Court for the Southern District of Texas. He alleged that his wife's death was caused by the Dalkon Shield. After giving Sivley ample opportunity to dismiss the action and warning him that failing to comply with the Court's order could cause Sivley to be fined or imprisoned, the district court entered an order fining Sivley $150 per day until he dismissed the suit.[1] Instead of complying, Sivley appealed.
 
 
 3
 Sivley argues that the district court's contempt order should be reversed because he did not receive notice of a May 9, 1988, hearing on the show cause order. We disagree. The May 9 hearing was the second hearing scheduled in these proceedings. Sivley failed to attend the first hearing, which was set for May 2. Contrary to his assertions, Sivley obviously had actual notice of the May 2 hearing because he filed an interlocutory appeal of the order which scheduled the hearing. After Sivley failed to appear for the May 2 hearing, the district court, exercising an abundance of caution, gave Sivley another chance to appear and express mailed notice of the May 9 hearing. Again contrary to Sivley's assertions, notice by mail is explicitly permitted by the Federal Rules of Civil Procedure. Fed.R.Civ. P. 5(b). The record shows that Sivley's alleged failure to receive notice of the May 9 hearing was due to his refusal to pick up his mail rather than because of any defect in service. In these circumstances, we find that Sivley received all the process he was due.
 
 
 4
 Sivley also argues that the district court's injunction should not have applied to the Texas action because he discovered the cause of his wife's death after Robins filed for bankruptcy and because his suit will be barred by the statute of limitations if the injunction applies. We find these arguments indistinguishable from the arguments we rejected in Grady v. A.H. Robins Co., 839 F.2d 198 (4th Cir.1988), cert. dismissed, 57 U.S.L.W. 3186 (U.S. Sept. 8, 1988) (No. 87-1985), and Oberg v. Aetna Casualty & Surety Co., 828 F.2d 1023 (4th Cir.1987), cert. denied, 56 U.S.L.W. 3648 (U.S. Mar. 21, 1988) (No. 87-1208).
 
 
 5
 While we find that the district court's order was reasonable at the time it was entered, we remand to allow the district court to consider whether it eventually became punitive rather than coercive. Civil contempt sanctions are designed to force compliance with court orders or to remedy past noncompliance, rather than to punish noncompliance. "When it becomes obvious that sanctions are not going to compel compliance, they lose their remedial characteristics and take on more of the nature of punishment." Soobzokov v. CBS, Inc., 642 F.2d 28 (2d Cir.1981). On remand, the district judge may adhere to his present sanction, if he finds that it remained coercive rather than punitive. He may also impose a different sanction if he finds that course of action would better serve the remedial and coercive purposes of civil contempt. Cf. Shuffler v. Heritage Bank, 720 F.2d 1141, 1148 (9th Cir.1983) (in imposing contempt sanction, district court must consider "the character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction in bringing about the result desired") (quoting United States v. United Mine Workers, 330 U.S. 258, 304 (1947)).
 
 
 6
 We dispense with oral argument because the facts and legal arguments are adequately presented in the materials before the Court and oral argument would not significantly aid the decisional process.
 
 
 7
 REMANDED.
 
 
 
 [1]
 The Texas action was eventually dismissed on motion of the defendants. Sivley v. Johns Hopkins Hospital, C/A No. H-88-0946 (S.D.Tex. Nov. 7, 1988). Our calculations indicate that, if the district court's order is executed, Sivley may be liable for fines in excess of $25,000