# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Brian A. Lee,**
**Petitioner Below, Petitioner**

**FILED**

December 16, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 12-0809** (Monongalia County, 05-C-429)

**Anne Davis,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Brian A. Lee, by counsel Edmund Rollo, appeals the order of the Circuit Court of Monongalia County. Respondent Anne Davis, by counsel Ward Stone, Jr., has filed a response to the present appeal.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On May 9, 2005, respondent obtained a $500,000 judgment against petitioner as damages for infecting the respondent with HIV. Petitioner was unable to satisfy the judgment. Petitioner's mother died in December of 2005, and petitioner subsequently was informed he would receive $374,000 from his mother's estate. Petitioner claimed in a deposition in December of 2007 that he had given his inheritance anonymously to 3,997 charities and no longer had any of the money. Another deposition was conducted and the evidence set forth by petitioner did not support the allegation that he had donated any of the money.

On June 11, 2008, respondent filed a motion for contempt and order to show cause, and the circuit court held petitioner in civil contempt for failure to provide his cellular phone billing records pursuant to respondent's request. Petitioner was ordered to produce evidence to support his assertion that he did, in fact, give the money away, and was ordered to answer interrogatories, but he refused to do so. Respondent filed a notice of petitioner's failure to file answers to respondent's interrogatories. A capias for petitioner's arrest was issued and petitioner was incarcerated on November 9, 2009. The court then ordered petitioner to produce corroborating evidence that he anonymously gave away his inheritance to charities. He failed to do so and, on July 21, 2010, petitioner was held in civil contempt and ordered to report to prison and remain there until he pays the sum of $363,000 to respondent. Petitioner later moved the court to dissolve the contempt order, and the court denied that motion by order entered on May 18, 2012.

1

Petitioner appealed the circuit court's order denying his motion to dissolve the contempt order. We apply the following standard of review:

> In reviewing the findings of fact and conclusions of law of a circuit court supporting a civil contempt order, we apply a three-pronged standard of review. We review the contempt order under an abuse of discretion standard; the underlying factual findings are reviewed under a clearly erroneous standard; and questions of law and statutory interpretations are subject to a *de novo* review.

Syl. Pt. 1, *Carter v. Carter,* 196 W.Va. 239, 241, 470 S.E.2d 193, 195 (1996).

Petitioner asserts three assignments of error. First, petitioner argues that the trial court erred in refusing to release petitioner from incarceration on the basis of petitioner's medical condition. Second, petitioner argues that the trial court committed plain error when it imposed a contempt sanction that seemed "criminal" in nature and not "civil". Last, petitioner argues that the court erred in refusing to find that the civil contempt order had lost its coercive effect.

We begin with petitioner's first assignment of error. On November 17, 2012, petitioner filed a motion for bond reduction or, in the alternative, motion for home confinement. On December 17, 2012, a hearing was held regarding the motion and the evidence presented showed that petitioner's health status required his release from prison. On December 18, 2012, he was released and placed on home confinement in order to receive treatment for his HIV infection. This Court has stated that "[t]he general rule, subject to certain exceptions, is that appeals will be dismissed where there is no actual controversy existing between the parties at the time of the hearing." Syl. Pt. 1, *W.Va. Bd. of Dental Examiners v. Storch,* 146 W.Va. 662, 122 S.E.2d 295, 296 (1961). Because petitioner has been released from prison and is able to receive treatment for his HIV, the issue has been rendered moot. *See Gallery v. W.Va. Secondary Sch. Activities Comm'n,* 205 W.Va. 364, 366, 518 S.E.2d 368, 370 (1999) (when there is no longer a dispute between the parties, the appeal is subject to dismissal).

As to petitioner's second assignment of error, our law clearly establishes that the sanction imposed on petitioner is civil, not criminal, in nature. This Court has held:

> Where the purpose to be served by imposing a sanction for contempt is to compel compliance with a court order by the contemner so as to benefit the party bringing the contempt action by enforcing, protecting, or assuring the right of that party under the order, the contempt is civil.

Syl. Pt. 2, *State ex rel. Robinson v. Michael,* 166 W.Va. 660, 276 S.E.2d 812, 813 (1981). This Court also has held "[t]he appropriate sanction in a civil contempt case is an order that incarcerates a contemner for an indefinite term and that also specifies a reasonable matter in which the contempt may be purged thereby securing the immediate release of the contemner . . . ." Syl. Pt. 3, in part, *id.*, 166 W.Va. at 660, 276 S.E.2d at 813. "In a contempt proceeding, whenever the defendant may effect his release from jail by performing such act or acts as the court directs, the contempt is civil in nature . . . ." Syl. Pt. 9, *Eastern Associated Coal Corp. v. Doe,* 159 W.Va. 200, 201-02, 220 S.E.2d 672, 675 (1975). Therefore, the civil contemner is said to hold the keys to his own cell. *Id.* at 213, 220 S.E.2d. at 681. On the other hand, criminal contempt involves imposing a sanction to

punish to the contemner for an affront to an order or dignity of the court. Syl. Pt. 4, *State ex rel. Robinson v. Michael,* 166 W.Va. 660, 276 S.E.2d 812, 813 (1981). "A contempt will be deemed criminal when a jail sentence is imposed and the contemnor is given no opportunity in the sentencing order for immediate release by purging himself of contempt by doing an act which is within his power to accomplish." Syl. Pt. 1,*Hendershot v. Hendershot,* 164 W.Va. 190, 263 S.E.2d 90 (1980).

The contempt order resulted from petitioner's lack of cooperation throughout the entire court proceeding. When petitioner failed to bring forth evidence that he gave the money away, he was incarcerated with the provision that he would be released when he paid respondent the $363,000. Here, petitioner "hold[s] the keys to his own cell." This order was in place for the benefit of respondent in an attempt to secure her rights to the judgment and assist her in her effort to recover the money. Unlike a criminal contempt order, the contempt order did not involve an affront to the dignity of the court, nor was petitioner denied an opportunity to secure his immediate release.

The last assignment of error is that the contempt order has lost its coercive effect. Petitioner asserts that because he gave the money to charity, he is wholly unable to pay the court ordered funds and, therefore, the contempt order is no longer coercive. A civil contempt order works as a remedy to enforce the rights of a private party by coercing contemner into compliance with a court order or decree. *State ex rel. Zirkle v. Fox,* 203 W.Va. 668, 673, 510 S.E.2d 502, 507 (1998). Civil contempt proceedings are not meant to punish the defendant but rather to benefit the Plaintiff. *Floyd v. Watson,* 163 W.Va. 65, 70, 254 S.E.2d 687, 691 (1979). "[C]oercive measures influence the defendant to act in a way that will ultimately benefit the moving party." *Id.* at 71, 254 S.E. 2d at 691. "The appropriate sanction in a civil contempt case is an order that incarcerates a contemner for an indefinite term and that also specifies a reasonable manner in which the contempt may be purged thereby securing the immediate release of the contemner[.]" *State ex rel. Robinson v. Michael,* 166 W.Va. 660, 670, 276 S.E.2d 812, 818 (1981). However, a civil contempt order is inappropriate when the condemner has no ability to purge himself or the contempt order has lost its coercive effect. *In re Yoho,* 171 W.Va. 625, 631, 301 S.E.2d 581, 587 (1983); *Shillitani v. U.S.,* 384 U.S. 364, 371 (1966). Petitioner bears the burden of proof in showing that he cannot comply with the court order or that the order has lost its coercive effect. *State ex rel. Zirkle v. Fox,* 203 W.Va. 668, 673, 510 S.E.2d 502, 507 (1998); *In re Dickinson,* 763 F.2d 84, 87 (2d Cir. 1985); *In re Crededio,* 759 F.2d 589, 590-591 (7th Cir. 1985). "Ordinarily, it is for the district judge to determine when and if the borderline between coercion and punishment has been reached." *Soobzokov v. CBS, Inc.,* 642 F.2d 28, 31 (2d Cir. 1981). A district court judge will have virtually unreviewable discretion in determining whether the contempt order still has a coercive effect. *Simkin v. U.S.,* 715 F.2d 34, 38 (2d Cir. 1983).

Before the judge imposed the contempt order, petitioner was told on numerous occasions to provide proof in the form of phone records and mail receipts in order to prove that he did in fact give the money away. The burden of proof was on petitioner to show that he could not comply with the request to bring forth evidence that would support his assertion that he had given the money to charity. *See State ex rel. Zirkle v. Fox,* 203 W.Va. 668, 672, 510 S.E.2d 502, 506 (1998) (The defendant bears the burden of proof in showing an inability to comply with the court's order,·and the inability was not occasioned by his own acts). The circuit court found petitioner had not met his burden of proof in showing he could not comply with the Court's order. After reviewing the record, it is evident the trial court did not abuse its discretion in imposing the order as well as classifying the contempt as civil in nature. The record shows that petitioner has frustrated respondent's attempts to collect evidence on two occasions. He also stated on a few occasions he intended not to comply. The order was within the circuit court's discretion. The

court has presided over the case for eight years. Given the circuit court's history, and the history between the two parties, the trial court used reasonable judgment fashioning coercive relief, and there is no evidence that the situation is not coercive still. The circuit court did not abuse its discretion.

For the forgoing reasons we affirm the Circuit Court of Monongalia civil contempt order issued July 21, 2010.

Affirmed.

**ISSUED:** December 16, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II